BELLE H. COPELAND v. HAYWOOD PHTHISIC AND HENRY G. QUINN, INDIVIDUALLY AND PARTNERS T/A AS P & Q.

(Filed 27 February, 1957.)

**1. Negligence § 4f—**

The doctrine of *res ipsa loquitur* does not apply to injuries resulting from slipping and falling on a waxed floor.

**2. Same—**

The proprietors of a store are not insurers of the safety of their customers, but are liable only for injuries resulting from negligence on their part.

**3. Same—**

Evidence that a patron in a store, while walking down an aisle where customers were invited to inspect the merchandise, slipped and fell at a place where more wax had been allowed to accumulate than at any other place in the store, so that plaintiff's shoe heel made a print in the wax, is sufficient to support the inference that defendants had not properly applied the wax at this point, and nonsuit was properly denied in an action to recover for the resulting injury.

**4. Same—**

No notice to a store proprietor is necessary of a condition created by him.

APPEAL by defendants from *Bone, J.,* September Term 1956, of PASQUOTANK.

Civil action to recover damages for personal injuries caused by a fall in defendants' store.

The jury found for its verdict that plaintiff was injured by the negligence of the defendants, that she was free from contributory negligence, and awarded damages in the amount of $2,750.00.

From a judgment in accord with the verdict the defendants appeal.

*John H. Hall for Plaintiff, Appellee.*
*LeRoy & Goodwin for Defendants, Appellants.*

PARKER, J. The defendants present for decision one question: Did the trial court commit error in denying their motions for judgment of nonsuit, made at the close of plaintiff's evidence, and renewed at the close of all the evidence?

The defendants operate a self-service retail grocery store in Elizabeth City, North Carolina. The stock of merchandise carried by defendants was arranged on shelves or counters for the purpose of effective display. The store had an asphalt tile floor, with a concrete subfloor. There were several aisles in the store, and defendants once a week waxed the floor with a heavy duty wax, that is not needed in homes. This wax has a water base, and, according to a certificate that comes with it, is rated as "non-skid." It is applied one night, and the next morning it is buffed with an electrical machine. The floor of the store was waxed by the defendants on Monday night and buffed on Tuesday morning, before the plaintiff fell on the following Saturday.

Plaintiff was an active lady 77 years of age, residing in Elizabeth City. On Saturday afternoon, between 3:00 and 4:00 o'clock, 2 July 1955, plaintiff, with her daughter, went to defendants' store to purchase prunes. She had visited the store before, and was familiar with it. It was a bright, sunshiny afternoon and the store was well lighted. Plaintiff was wearing low heel shoes and their soles were dry. She asked a clerk where the prunes were, and was following him down one of the aisles of the store, when she stepped on a slippery place, and both her feet slipped out from under her, and she fell. Her head struck the cosmetic counter, and her left hip was broken. Plaintiff had been given no notice or warning to watch the floor.

Plaintiff's daughter, Mrs. E. R. Russell, was behind her mother in the aisle when she fell. Mrs. Russell's testimony in part is as follows: "Her foot just sloughed out from under her and she just went down. Her head struck the cosmetic counter and knocked some bottles over and broke them; I'd say about two bottles. I looked at the place on the floor where she had slipped. It looked like a big place of wax where her foot slipped and she fell. I'd say the patch of wax was about the shape of an egg, about this large, indicating (arms in an oval, fingers touching) in the shape of an egg, round. I don't know what size. I know it was a large enough place so you could see it. It was as large as I made by extending my arms and putting my hands together. I looked at it right after she fell, I wanted to see what she fell over, what caused her to fall. They had just picked her up, and I wanted to see, you know, what caused her to fall. . . . It looked like it hadn't been long waxed. . . . There was more wax on the floor at this place that I have told you about than on the rest of the floor. . . . I have had experience in using wax on floors, for twenty years, I guess." She further testified: "Her shoe heel print was in that wax where she slipped. It had made a track where she slid in the wax. That was at the place I described to the jury. That was the place on the floor where I told about seeing this patch of wax. That particular patch of wax looked oily to me. Like it hadn't been too long put down, about two or three days."

When plaintiff's head struck the cosmetic rack or shelf or counter a bottle there spilled on the floor where her head was lying, at a different place from where the patch of wax was.

Henry G. Quinn, one of the defendants, testifying in their behalf, said that the type of wax they used, and the manner of its putting on the floor by them, are in general and approved use in stores of this kind. He further said on cross-examination: "When wax is properly applied, it is evenly distributed but it can be more evenly distributed with a buffer." He also testified enough people go through the store to require waxing it once a week.

The defendants further offered evidence to the effect that asphalt tiling is the standard material used in stores of this kind, is in general and approved use, and for asphalt tiling the standard maintenance procedure is to continue to wax such floors.

The doctrine of *res ipsa loquitur* does not apply to injuries resulting from slipping and falling on a waxed floor. *Barnes v. Hotel Corp.*, 229 N.C. 730, 51 S.E. 2d 180; *Parker v. Tea Co.*, 201 N.C. 691, 161 S.E. 209.

The defendants are not insurers of the safety of their customers on their premises, and liability for injury to such customers attaches only for injuries resulting from negligence on their part. *Lee v. Green & Co.*, 236 N.C. 83, 72 S.E. 2d 33; *Pratt v. Tea Co.*, 218 N.C. 732, 12 S.E. 2d 242; *Bowden v. Kress & Co.*, 198 N.C. 559, 152 S.E. 625.

This Court has said in *Barnes v. Hotel Corp., supra:* "It seems to be the general rule that an action will not be sustained against the owner or lessee of a building, founded solely upon the fact that a patron or invitee was injured by slipping on a waxed or polished floor, where the floor had been waxed or polished in the usual and customary manner and with material in general use for that purpose."

However, in the instant case, considering the evidence with that liberality, which the statute requires on a motion for judgment of nonsuit, it appears as a reasonable inference that defendants did not properly wax the floor of their store, in that the unusual patch of wax, on which plaintiff slipped and fell, had been permitted to accumulate, or had been left, on the floor of the aisle at a place where customers were invited to inspect the merchandise displayed. This patch of wax was unusual because the evidence tended to show that there was more wax at this point than at any other point in the store. Plaintiff's shoe heel print was in this wax where she slipped. These pertinent facts permit the legitimate inference to be fairly deducible therefrom that the wax had been applied in a negligent and unusual manner.

No notice to defendants was necessary, as they created the hazard. *Lee v. Green & Co., supra; Hughes v. Enterprises, ante,* 131, 95 S.E. 2d 577.

The ultimate question is whether the evidence brings the case within the rules of liability set forth in *Bowden v. Kress, supra; Parker v. Tea Co., supra; Anderson v. Amusement Co.*, 213 N.C. 130, 195 S.E. 386; *Lee v. Green & Co., supra; Hughes v. Enterprises, supra.* We are of the opinion that the rules of liability announced in these cases apply, that there was some evidence of negligence to be submitted to the jury, and the motions for judgment of nonsuit were properly overruled.

Defendants do not contend that plaintiff was guilty of legal contributory negligence. If such contention had been made, it would avail them nothing on the facts here.

In the trial below we find

No error.