ANNA BERGER, Plaintiff v. JAMES I. CORNWELL and ELIZABETH A. CORNWELL, trading and doing business as CORNWELL ANIMAL HOSPITAL, Original Defendants, and J. C. SOESBEE and BLUE BIRD TAXI COMPANY, INC., Additional Defendants.

(Filed 18 September 1963.)

1. Negligence § 37b—

The owners of premises are under duty to maintain their parking area in such condition as a reasonably prudent proprietor would deem sufficient to protect patrons from danger while exercising ordinary care for their own safety.

2. Negligence § 37c—

Evidence tending to show that small patches of snow and ice remained in shady places in defendant's parking lot, and that plaintiff walked to the building and returned to her parked taxi without looking down or observing the ice and snow, and then fell while attempting to re-enter the taxi when she stepped on a patch of ice, *is held* to show contributory negligence on her part as a matter of law in failing to exercise due care for her own safety.

3. Appeal and Error § 41—

Where nonsuit would have to be sustained even if the evidence excluded were admitted, the exclusion of the evidence cannot be prejudicial.

APPEAL by plaintiff from *Martin, Special Judge,* April 22, 1963, Session of BUNCOMBE.

On January 31, 1961, between 4:00 and 5:00 p.m., plaintiff was injured on premises of Cornwell Animal Hospital. Her trip to said hospital was made in a Blue Bird Taxi operated by J. C. Soesbee. Soesbee drove the taxi into a parking area provided for use by patrons of said hospital. Assisted by Soesbee, plaintiff got out of the taxi, walked (carrying her "very big and very unruly" cat) some fifteen feet to the hospital entrance and left her cat in the hospital for treatment. Plaintiff returned to the front of the parked taxi without mishap and there paid Soesbee for the trip to the hospital and the return trip to her home. Upon completion of this transaction, plaintiff,

when taking the second step on her way to get in the taxi for the trip home, slipped and fell.

Plaintiff alleged "she slipped on a patch of slick, clear ice and fell . . ." She alleged her fall and injuries were proximately caused by the negligence of defendants Cornwell in these respects: When plaintiff fell and for several days prior thereto, "there were patches of ice extending intermittently at several points along the parking lot in the shaded areas, some patches as much as three feet in diameter . . ." Defendants Cornwell, notwithstanding they knew or should have known of this condition on their premises, failed to warn patrons of the danger and failed to safeguard patrons by spreading ashes, salt or other materials or by otherwise eliminating the danger.

Answering, defendants Cornwell denied negligence, and conditionally pleaded (1) the contributory negligence of plaintiff, (2) the negligence of Soesbee as the sole proximate cause of plaintiff's fall and injuries, and (3) a cross action for contribution against Soesbee and Blue Bird Taxi Company, Inc., who were made defendants in respect of said cross action.

At the conclusion of plaintiff's evidence, the court, allowing the motion of defendants Cornwell therefor, entered judgment of involuntary nonsuit. Plaintiff excepted and appealed, assigning as error (1) the said judgment of nonsuit and (2) the court's exclusion of certain evidence offered by plaintiff, to wit, all of paragraph 6 and subsections (A) and (B) of paragraph 7 of said cross action of defendants Cornwell.

*Parker, McGuire & Baley for plaintiff appellant.*
*Uzzel & DuMont for defendant appellees.*

PER CURIAM. Defendants Cornwell owed plaintiff, an invitee, the legal duty to maintain their parking area in such condition as a reasonably careful and prudent proprietor would deem sufficient to protect patrons from danger while exercising ordinary care for their own safety. *Sledge v. Wagoner,* 250 N.C. 559, 109 S.E. 2d 180.

All the evidence tends to show that the place where Soesbee parked the taxi was shaded by a pine tree hedge and was lower than other portions of the parking area. There was evidence tending to show that, in the shaded area where Soesbee parked, there were icy spots difficult to see against the background of stone and gravel; that defendants Cornwell gave no warning of any dangerous condition on account of ice; that defendants Cornwell did not spread ashes, salt or

other materials on any part of said parking area; and that plaintiff slipped on ice and fell. Plaintiff testified she did not observe or otherwise detect any spots or patches of ice on the parking area before she fell. Indeed, her testimony was to the effect that, in walking from the taxi to the hospital entrance and in returning from the hospital entrance to the taxi, she did not look down on the ground.

On January 31, 1961, in the Asheville area, while the streets and highways were clear or "comparatively clear," there was ice on walkways, sidewalks and shoulders of the highways.

The evidence tends to show there were patches of ice here and there in the large parking area, principally in the shaded portion thereof. However, the only reasonable inference to be drawn from the evidence is that portions of the parking area were free from ice and that persons exercising due care for their own safety could and should have observed and used such portions of the parking area. Hence, if the evidence were considered sufficient to establish defendants Cornwell were negligent as alleged, plaintiff's testimony, in our view, suffices to establish her contributory negligence as a proximate cause of her fall and injuries and to bar a recovery.

We do not perceive that the admission of the portions of said cross action offered by plaintiff would have been of benefit to plaintiff in respect of the question of nonsuit. Indeed, the facts alleged therein tend to show that whatever dangerous conditions in respect of icy spots or patches may have existed in the area where the taxi parked could be readily observed and avoided by persons exercising due care for their own safety.

Having reached the conclusion that the judgment of involuntary nonsuit should be affirmed, and since no new questions of law are presented, we deem it unnecessary to set forth with particularity the testimony of each of the witnesses offered by plaintiff.

Affirmed.