ANNE WOLFE LONG v. NATIONAL FOOD STORES, INC., A CORPORATION
(ALSO KNOWN AS BIG BEAR SUPER MARKETS, INC.)

(Filed 20 May, 1964.)

**1. Negligence § 37a—**
> A customer entering a store during business hours to purchase goods therein is an invitee.

**2. Negligence § 37b—**
> A proprietor of a store is not an insurer of the safety of its customers but is under duty to exercise ordinary care to keep the aisles and passageways of the store where customers are expected to go in a reasonably safe condition so as not to unnecessarily expose customers to danger and to give warning of hidden dangers or unsafe conditions of which the proprietor has knowledge or of which, in the exercise of reasonable supervision and inspection, he should have knowledge.

**3. Same—**
> A proprietor is charged with notice of an unsafe condition, arising from dangerous substances on the floor of the aisles of its store, if the unsafe condition is created by an employee acting within the scope of his employment or if the condition has remained for sufficient time for the proprietor to know, or by the exercise of reasonable care to have known, of its existence.

**4. Negligence § 37f—**
> *Res ipsa loquitur* does not apply in an action by a customer to recover for a fall in a store, and no inference of negligence arises solely by reason of the injury.

**5. Same—**
> Evidence tending to show that plaintiff in walking along the aisle of a self-service grocery store fell when her foot slipped on grapes lying in the aisle and that the grapes were full of lint and dirt, *is held* sufficient to overrule nonsuit in the customer's action to recover for the fall.

**6. Negligence § 26—**
> On motion to nonsuit on the ground of the contributory negligence of plaintiff, the evidence must be considered in the light most favorable to her.

**7. Negligence § 37g—**

    In plaintiff's action to recover for injuries sustained when she fell when her foot slipped on grapes in the aisle of defendant's store, nonsuit on the ground that plaintiff's evidence establishes contributory negligence as a matter of law is properly denied when plaintiff's evidence discloses that the grapes were dark and full of lint and dirt and were nearly the same shade or color as the floor and that there was heavy dirt on the floor, since the evidence fails to disclose that the dangerous condition of the aisles was patent and obvious so that plaintiff, in the exercise of reasonable care for her own safety, should have seen and avoided the danger.

APPEAL by plaintiff from *Shaw, J.,* 7 October 1963 Civil Session of GUILFORD—Greensboro Division.

Civil action to recover damages for personal injuries caused by a fall in defendant's store.

From a judgment of compulsory nonsuit entered at the close of plaintiff's case, plaintiff appeals.

*Cahoon & Swisher for plaintiff appellant.*

*Smith, Moore, Smith, Schell & Hunter by Beverly C. Moore; Morgan, Byerly, Post, Van Anda & Keziah by W. B. Byerly, Jr., for defendant appellee.*

PARKER, J. Plaintiff's evidence, considered in the light most favorable to her, *Powell v. Deifells, Inc.,* 251 N.C. 596, 112 S.E. 2d 56, shows the following facts:

On and prior to 13 February 1960 defendant operated a self-service retail grocery store in the city of Greensboro. Defendant's grocery store was so arranged as to have throughout the store rows of merchandise upon shelves of solid construction which were higher than a person's head, with aisles four or five feet wide between the shelves for customers to walk along to select merchandise for purchase.

Plaintiff and her husband were regular customers of this store. About 6 p.m. on 13 February 1960, a day of sleet and snow, they entered the store to buy groceries. After selecting their groceries, they went to the cash register at the front of the store to check them out and pay for them. While they were there, her husband said he had forgotten his shaving soap. Whereupon, she started to the drug shelf where the shaving soap was, which is on Aisle 13, to get it for him. While she was walking down this aisle to the drug shelf, her feet slid out from under her, and she fell to the floor. She remained there a few minutes and looked around to see what caused her to fall. She testified: "* * *

there were grapes all around my left foot and part of them were mashed. It was dark and dusty and full of lint. The grapes that I had fallen on were, and there was a long wet place where my foot had slid, and around it were the grapes. In the wet place, there were mashed grapes and seeds. As I walked down the aisle, I could not see those grapes. I didn't see them. The color of the grapes at that point was very near the same shade and color as was the floor. When I stood up, I brushed the lint and dirt off my clothes and went back up to the cash register. Other than the grapes there at the point, there was dust and lint on the floor. The grapes that were not mashed were dirty and juicy, full of lint and dirt." She does not know the color of the floor; it was dusty and dirty and looked dark. The grapes she fell on were a dark color, purple.

When she returned to the cash register, she told the clerk there she had fallen on some grapes in the aisle and pointed to the aisle. Her husband testified: "* * * the clerk called to the manager, Mr. Smith, which was across over from her, and about two aisles over, I think, in his office and advised him that she had fallen. He called on someone to clean up Aisle 13."

On Tuesday after her fall she went back to defendant's store and told Mr. Smith, the manager, she had been to see Dr. W. J. Reid about the injury she had sustained in falling in the store on the previous Saturday evening. She testified: "* * * Mr. Smith told me that he was very sorry that it had happened, and that it should have been cleaned up * * *. He said the aisle should have been cleaned up. I told him about what I fell over. It was then that he made that remark."

It seems to have been universally held that a customer who enters during business hours a store kept open for public patronage to purchase goods therein has invitee status. Anno., 62 A.L.R. 2d p. 16.

That a store proprietor is not an insurer of the safety of such customers on his premises, and liability for injury to such customers attaches only for injuries resulting from actionable negligence on his part is a principle of the law of negligence so familiar and so firmly established as almost to obviate the necessity of citing supporting authority. *Waters v. Harris*, 250 N.C. 701, 110 S.E. 2d 283; *Copeland v. Phthisic*, 245 N.C. 580, 96 S.E. 2d 697; Annotations 61 A.L.R. 2d, p. 14 and 62 A.L.R. 2d, p. 15.

Plaintiff's evidence shows that she entered defendant's store during business hours as a customer and selected goods therein for purchase. Under such circumstances, the law imposes upon defendant the legal duty to exercise ordinary care to keep its aisles and passageways where

she and other customers are expected to go in a reasonably safe condition, so as not unnecessarily to expose her and them to danger, and to give warning of hidden dangers or unsafe conditions of which it knows or in the exercise of reasonable supervision and inspection should know. *Raper v. McCrory-McLelland Corp.*, 259 N.C. 199, 130 S.E. 2d 281; *Powell v. Deifells, Inc., supra; Lee v. Green & Co.*, 236 N.C. 83, 72 S.E. 2d 33.

In *Raper v. McCrory-McLellan Corp., supra,* it is said:

> "The standard is always the conduct of the reasonably prudent man. The rule is constant, while the degree of care which a reasonably prudent man exercises, or should exercise, varies with the exigencies of the occasion. *Bemont v. Isenhour*, 249 N.C. 106, 105 S.E. 2d 431; *Diamond v. Service Stores*, 211 N.C. 632, 191 S.E. 358. For instance, what would constitute such care in a country non-service store would seem not to be adequate in a city self-service store through which passes a steady flow of customers who, because of the nature of the business, are constantly handling the merchandise."

The inviter is charged with knowledge of an unsafe or dangerous condition on his premises during business hours created by his own negligence or the negligence of an employee acting within the scope of his employment, or of a dangerous condition of which his employee has notice. In such cases the inviter is liable if injury to an invitee proximately results therefrom, because the inviter is deemed to have knowledge of his own and his employees' acts. *Raper v. McCrory-McLellan Corp., supra; Waters v. Harris, supra; Hughes v. Enterprises*, 245 N.C. 131, 95 S.E. 2d 577; 65 C.J.S., Negligence, § 51, Knowledge of Defect or Danger, p. 545. But where the unsafe or dangerous condition is created by a third party, or where there is no evidence of the origin thereof, an invitee proximately injured thereby may not recover, unless he can show that the unsafe or dangerous condition had remained there for such length of time that the inviter knew, or by the exercise of reasonable care should have known, of its existence. *Waters v. Harris, supra; Hughes v. Enterprises, supra; Fox v. Tea Co.*, 209 N.C. 115, 182 S.E. 662.

It seems to be universally held that the *res ipsa loquitur* doctrine is inapplicable in suits against business proprietors to recover for injuries sustained by customers or invitees in falls during business hours on floors and passageways located within the business premises and on which there is litter, debris, or other substances. *Raper v. McCrory-McLellan Corp., supra; Powell v. Deifells, Inc., supra; Copeland v. Phthisic, supra;* Annotation 61 A.L.R. 2d, p. 59.

No inference of negligence on the part of defendant arises *merely* from a showing that plaintiff, a customer in defendant's store during business hours, fell and sustained an injury in the store. *Skipper v. Cheatham*, 249 N.C. 706, 107 S.E. 2d 625; Annotation 61 A.L.R. 2d, p. 56.

Plaintiff's evidence would permit, but not compel, a jury to find the following facts: That in defendant's store during business hours grapes "full of lint and dirt" were on the floor of Aisle 13, that this created an unsafe and dangerous condition, which an ordinarily prudent person in the exercise of reasonable care should have foreseen was likely to cause injury to customers in its store, and that by reason of the grapes being "full of lint and dirt," this dangerous and unsafe condition was created by an employee of defendant who in the scope of his employment had swept the grapes and lint and dirt there. Further, if a jury should find that this unsafe and dangerous condition was not created by defendant or one of its employees acting within the scope of his employment, plaintiff's evidence would permit a jury to find that this unsafe and dangerous condition in Aisle 13 was created by a third person or that its origin was unknown, and that this unsafe and dangerous condition in Aisle 13 had remained there for a sufficient length of time so that defendant knew of it, because Mr. Smith, the manager of defendant's store, when told by the clerk at the cash register about two aisles from him that plaintiff had fallen, called on someone to clean Aisle 13. When plaintiff's evidence is measured by the standard of the established relevant law in this State, and considered in the light most favorable to her, it makes out a case of *prima facie* actionable negligence on defendant's part.

Defendant in its answer conditionally pleaded contributory negligence of plaintiff as a bar to any recovery by her. Plaintiff's evidence is that the floor was dusty and dirty and looked dark, that the grapes she fell on were a dark color, purple, and that "the color of the grapes at that point was very near the same shade and color as was the floor." She testified on cross-examination: "As to whether I would have seen the grapes before I fell, if I had looked, I did look. I always look where I am going. I didn't see them. * * * As to whether there was plenty of light there, I can't answer that. I don't know exactly the lighting arrangement there. There was heavy dust or dirt all over the floor."

Defendant's contention that, even if defendant was guilty of actionable negligence, plaintiff was guilty of contributory negligence as a matter of law thereby barring any recovery by her necessitates an appraisal of her evidence in the light most favorable to her. *Short v.*

*Chapman,* 261 N.C. 674, 136 S.E. 2d 40; *Beasley v. Williams,* 260 N.C. 561, 133 S.E. 2d 227; *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307. Measuring her evidence by this standard, it is our opinion that her evidence, that the dark grapes full of lint and dirt were nearly of the same shade and color as the floor and there was heavy dirt on the floor, does not show so clearly that no other conclusion can be reasonably drawn therefrom that this unsafe and dangerous condition on the floor of Aisle 13 was a patent and obvious danger which plaintiff in the exercise of reasonable care for her safety should have seen and avoided. Plaintiff has not proved herself out of court. *Lincoln v. R. R.,* 207 N.C. 787, 178 S.E. 601.

The judgment of compulsory nonsuit was improvidently entered.

Reversed.