SHEILA HEDRICK, BY HER NEXT FRIEND, MRS. DOROTHY M. HEDRICK, v. RALPH M. TIGNIERE AND MARION TIGNIERE D/B/A TIGNIERE'S SCHOOL OF DANCING.

(Filed 13 April, 1966.)

**1. Negligence §§ 16, 20, 26—**
    Since a 13 year old child is rebuttably presumed incapable of contributory negligence, with the burden upon plaintiff to rebut the presumption, nonsuit may not be entered on the ground of contributory negligence of such minor.

**2. Negligence § 24a—**
    Nonsuit is properly entered in a negligence action if plaintiff's evidence, interpreted in the light most favorable to him, is insufficient to support a finding of negligence by defendant which is a proximate cause of plaintiff's injury.

**3. Negligence § 37b—**

The proprietor of a dance school is not an insurer of the safety of his pupils, but owes them the duty to use ordinary care to maintain the premises in a condition reasonably safe for the contemplated use and the duty to warn pupils against dangers which are known or should be known to the proprietor and which are not readily apparent upon such observation as the pupils may reasonably be expected to employ.

**4. Negligence § 37a—**

A duly enrolled, tuition paying pupil of a dance school is an invitee of the proprietors while upon their premises for the purpose of attending and participating in the activities of the class in which he is enrolled.

**5. Negligence § 37b—**

What constitutes a reasonably safe condition of premises depends upon the uses which the proprietor invites his business guests to make of them and those which he should reasonably anticipate they will make, and also upon the known or reasonably foreseeable characteristics of the invitees.

**6. Same—**

The proprietor of a business establishment is not required to take precautions for his invitees' safety such as will make it impractical for him to operate his business or such as will destroy the attractiveness of his establishment for those who normally patronize such establishments.

**7. Negligence § 37f—**

The doctrine of *res ipsa loquitur* does not apply to the fall of a dance pupil upon the floor.

**8. Negligence § 37b—**

The waxing and polishing of the floor of a dance studio is not negligence *per se.*

**9. Negligence § 37f—**

Evidence tending to show that an experienced 13 year old dance pupil slipped and fell to her injury while performing a routine dance step with which she was familiar, that several other pupils had executed the step without mishap in the same area, without evidence that there was any spot or concentration of wax or other substance left undisturbed at the place where plaintiff fell, *held* insufficient to be submitted to the jury on the issue of the proprietors' negligence.

MOORE, J., not sitting.

APPEAL by plaintiff from *Latham, S.J.,* 30 August 1965, Schedule "C" Civil Session of MECKLENBURG.

Plaintiff sues for personal injuries sustained as the result of a fall in the defendants' dancing school, of which she was a tuition paying pupil. She alleges that the proximate cause of her fall was negligence by the defendants in that they placed upon the dance floor a polishing substance which they knew, or should have known, would and did render the floor slick and unsafe for dancing thereon

by children, plaintiff being 13 years of age, and instructed plaintiff to perform upon this floor a series of whirling dance steps, in the course of which she slipped and fell.

In their answer the defendants admit the plaintiff was a regularly enrolled, tuition paying pupil in their dancing school and that she fell upon the dance floor while performing a dance step during a period of instruction. They deny that they were negligent in any respect and, alternatively, allege that the plaintiff was guilty of contributory negligence in the performance of a routine dance step with which she was thoroughly familiar.

Plaintiff appeals from a judgment of nonsuit entered at the close of her evidence which, taken in the light most favorable to her, tends to show, in addition to the nature and extent of her injury:

The defendants, as partners, are engaged in the business of operating a school for the teaching of dancing to children and young people. Plaintiff, then nearing her fourteenth birthday, had been a pupil in this school for six years. September 13, 1962, the day of her injury, was the first day of a new dancing school year and plaintiff was duly enrolled for classes in tap, ballet and jazz dancing, which classes were also attended by a number of other children.

Arriving at the dancing school in the late afternoon, plaintiff and her classmates put on soft type ballet dancing shoes, all wearing the same type of shoe, and then went to the dance floor to be instructed by Mrs. Tigniere. The dance floor was composed of squares of a material called Linotile, which is made from asphalt, linoleum, plastic and probably other substances. Linotile is of medium hardness and is not a slick tile. The floor was composed on this day of the same tiles as on all other occasions throughout the plaintiff's six years as a pupil in the school, but she had never before seen it appear as it did on the day she fell. Normally, it appeared scuffed and dull, but on this occasion it was shiny as if it had just been waxed. Mrs. Tigniere told the children to be careful because the floor had just been waxed and was slick. She then told them to start doing their "warm-ups," which she prescribed.

The first "warm-up" ordered by Mrs. Tigniere required each pupil to start at one end of the dance floor and proceed to the other end of it in a series of what the plaintiff refers to as "pique turns." In each such turn the dancer steps out on the toes of the right foot and makes a complete 360 degree turn. The length of the floor permitted five or six such turns or steps. This is a basic dance step which the plaintiff had been performing for a number of years and she was thoroughly familiar with the proper manner of executing it.

The class of 15 girls lined up and, one by one, made their respective series of "pique turns" along the entire length of the dance floor, each proceeding down the center of the floor. The plaintiff being in the middle of the group, some six or seven of her classmates had completed the assignment without mishap before she started to follow them in the same general floor area. She put her right foot forward and started her first turn. Her right foot slipped from under her and she fell to the floor, injuring her left knee, whereupon she discontinued her participation in the lesson.

Mr. Tigniere, himself, cleaned and maintained the dance floor. His daily routine was to sweep the floor, remove foreign objects, such as gum and small tacks which dropped from the shoes of tap dancers, and then wet mop it with a mixture of hot water and a detergent, known as "Brighten All," which he had used for a number of years. This he did in the morning. No buffing machine had ever been used on the floor at the time of the plaintiff's fall.

None of the plaintiff's classmates was called as a witness. The record does not indicate that any of them fell either before or after the plaintiff's fall.

*Parker Whedon and Richard M. Welling for plaintiff.*
*Carpenter, Webb & Golding by Fred C. Meekins for defendants.*

LAKE, J.   The plaintiff, being only 13 years of age at the time of her fall, is presumed to have been incapable of contributory negligence. *Hutchens v. Southard,* 254 N.C. 428, 119 S.E. 2d 205; *Adams v. Board of Education,* 248 N.C. 506, 103 S.E. 2d 854. Though this presumption is rebuttable, the burden of rebutting it is upon the defendants. The judgment of nonsuit cannot be sustained upon the ground of contributory negligence by the plaintiff in her undertaking of the "pique turn" upon a dance floor, which appeared to her to be slick and which she was warned was slick, even if we assume that such a floor is not reasonably safe for this movement. *Hamilton v. McCash,* 257 N.C. 611, 127 S.E. 2d 214; *Wilson v. Bright,* 255 N.C. 329, 121 S.E. 2d 601; *Adams v. Board of Education, supra.*

Nevertheless, to withstand a motion for judgment of nonsuit, the evidence, interpreted in the light most favorable to the plaintiff, must be sufficient to support a finding of negligence by the defendants which was a proximate cause of the plaintiff's injury. The evidence presented by the plaintiff falls short in this respect.

The proprietor of a school operated for profit, like the proprietor of any other business establishment, owes to those whom he invites to enter and use his premises, for purposes connected with his

business, a duty to use ordinary care to maintain the premises in a condition reasonably safe for the contemplated use and a duty to warn the invitee against dangers, which are known to or should have been discovered by the proprietor and which are not readily apparent to such observation as may reasonably be expected of such an invitee to such an establishment. *York v. Murphy,* 264 N.C. 453, 141 S.E. 2d 867; *Jones v. Pinehurst, Inc.,* 261 N.C. 575, 135 S.E. 2d 580; *Berger v. Cornwell,* 260 N.C. 198, 132 S.E. 2d 317; *Norris v. Department Store,* 259 N.C. 350, 130 S.E. 2d 537; *Goldman v. Kossove,* 253 N.C. 370, 117 S.E. 2d 35; *Sledge v. Wagoner,* 248 N.C. 631, 104 S.E. 2d 195; *Revis v. Orr,* 234 N.C. 158, 66 S.E. 2d 652; *Coston v. Hotel,* 231 N.C. 546, 57 S.E. 2d 793; 78 C.J.S., Schools, § 10.

The sufficiency of a warning to the invitee of the existence of a condition upon the premises will depend, in part, upon whether the proprietor should know that the invitee, by reason of youth, old age or disability, is incapable of understanding the danger and of taking precautions for his or her own safety under such conditions. See: *Brosnan v. Sweetser,* 127 Ind. 1, 26 N.E. 555; *Brown v. Stevens,* 136 Mich. 311, 99 N.W. 12. A warning sufficient to alert an adult professional dancer to the condition of a dance floor may not be sufficient to absolve the proprietor from liability to a 13 year old pupil for a fall thereon.

The plaintiff, a duly enrolled, tuition paying pupil in the defendants' school, was an invitee of the defendants when upon their premises for the purpose of attending and participating in the activities of a class in which she was so enrolled. See: *Goldman v. Kossove, supra; Williams v. McSwain,* 248 N.C. 13, 102 S.E. 2d 464; *Pafford v. Construction Co.,* 217 N.C. 730, 9 S.E. 2d 408; 38 Am. Jur., Negligence, § 99; 65 C.J.S., Negligence, § 43(3).

Nevertheless, the defendants were not insurers of the plaintiff's safety from falling while upon their premises for such purpose. *Jones v. Pinehurst, Inc., supra; Norris v. Department Store, supra; Copeland v. Phthisic,* 245 N.C. 580, 96 S.E. 2d 697; 63 A.L.R. 2d 587; *Revis v. Orr, supra.* Even though she fell while engaged in carrying out an assignment given her in the course of her instruction, the defendants are not liable for her injury unless some negligent act or omission by them was the proximate cause of it.

The defendants instructed plaintiff to undertake the series of "pique turns," but the plaintiff does not contend that this basic dance step, which she had been performing for several years, was, in itself, dangerous for one of her age and dancing experience. Her contention is that it was dangerous to perform it upon this floor in

the condition it was in on this particular afternoon, which condition the defendants had produced. Thus, she contends the defendants are liable because they did not use reasonable care to have the dance floor in a condition safe for the "pique turns" which they knew the plaintiff would attempt to make thereon.

What constitutes a reasonably safe condition of premises depends, of course, upon the uses which the proprietor invites his business guests to make of them and those which he should anticipate they will make. 65 C.J.S., Negligence, § 45(b). It also depends upon the known or reasonably foreseeable characteristics of the invitees. 38 Am. Jur., Negligence, §§ 38, 40. A condition reasonably safe for invitees upon an ice skating rink is far different from a condition reasonably safe upon the stairway of a rest home for the aged, or in the aisle between the counters and display racks of a store whose proprietor hopes his invitees' attention will be attracted to the articles there displayed for sale. The rule of law is stated in the same words for all these situations — the proprietor must use the care a reasonable man similarly situated would use to keep his premises in a condition safe for the foreseeable use by his invitee — but the standard varies from one type of establishment to another because different types of businesses and different types of activities involve different risks to the invitee and require different conditions and surroundings for their normal and proper conduct. The proprietor of a business establishment is not required to take precautions for his invitees' safety such as will make it impracticable for him to operate or such as will destroy the attractiveness of his establishment for those who normally patronize such places. *Pierce v. Murnick,* 265 N.C. 707, 145 S.E. 2d 11; *Aaser v. Charlotte,* 265 N.C. 494, 144 S.E. 2d 610; *Revis v. Orr, supra.* "The measure of his duty in this respect is reasonable or ordinary care, and in determining whether such care has been exercised it is proper to consider the nature of the property, the uses and purposes for which the property in question is primarily intended, and the particular circumstances of the case." 65 C.J.S., Negligence, § 45(b).

The defendants operate a school for dancing. On this occasion they knew the invitees would be agile young girls, rather well trained and experienced in dancing. The doctrine of *res ipsa loquitur* does not apply to a fall in the aisle of a store. *Copeland v. Phthisic, supra.* Neither does it apply to a fall on a dance floor. It is not negligence *per se* to wax and polish the aisle of a store. Annotation: 63 A.L.R. 2d 591, 630. Neither is it negligence *per se* to wax and polish a dance floor. In *Fishman v. Brooklyn Jewish Center, Inc.,* 234 App. Div. 319, 255 N.Y.S. 124, the court said:

"Defendant's negligence is claimed to consist in having placed small pieces of wax upon the floor, whereon plaintiff and other guests were to continue to dance. That practice is too well founded to be condemned as negligent. Dance floors are intended to be made slippery, and plaintiff, with knowledge of the conditions, took the chance of slipping."

In *Kalinowski v. Y. W. C. A.*, 17 Wash. 2d 380, 135 P. 2d 852, 858, the court said:

"[N]egligence is not proven by showing that the [dance] floor had been waxed and 'as a result' was slippery * * * The placing of wax or similar substance on the floor to make it smooth for dancing has become an established custom, and unless the owner has been negligent in the materials he used or in the manner of applying them, he is not liable to a person who falls thereon because of its slippery condition."

There is no evidence in this record to indicate that the spot where the plaintiff fell was waxed or polished more than or differently from the rest of the floor. Nothing indicates that there was any smear or concentration of wax or other substance left undistributed at this point on the floor and upon which the plaintiff's foot rested when she slipped. The record indicates, on the contrary, that six or seven of her classmates executed exactly the same dance step over this area just before she did. None of the fourteen other pupils was called to testify as to the condition of the floor. The cause of the plaintiff's fall is left in the realm of conjecture.

Affirmed.

MOORE, J., not sitting.