BERTIE GRIMES v. HOME CREDIT COMPANY OF KINSTON, NORTH CAROLINA.

(Filed 18 October, 1967.)

**1. Appeal and Error § 49—**

Appellant must make the record disclose what the excluded evidence would have been in order for the appellate court to determine whether its exclusion was prejudicial.

**2. Evidence § 31—**

Immediately after plaintiff had slipped and fallen on the floor of defendant's store, defendant's employee stated that she had almost slipped down herself and that the janitor had waxed the floor the night before. *Held:* The testimony of what the girl said was properly excluded as a narrative of past events.

**3. Negligence § 37f—**

Evidence that plaintiff fell to her injury on the waxed floor of defendant's place of business, without evidence that the wax had been applied other than in the usual and customary manner or that an excessive quantity of wax had been used or that any unusual patches of wax were left on the floor, is insufficient to resist nonsuit.

APPEAL by plaintiff from *Cohoon, J.,* 25 May 1967 Civil Session of LENOIR.

Action for personal injuries.

In her complaint, plaintiff alleges: On 10 November 1962, plaintiff entered defendant's place of business as "an invitee and customer." In walking across the floor to the counter she slipped and fell on the tile floor to which an excessive amount of wax had been applied. Notwithstanding defendant's knowledge of this condition, it permitted the wax to remain on the floor and failed to warn plaintiff of the hazard. Plaintiff's kneecap was broken in the fall. As a result of this painful and permanent injury, she lost wages and incurred medical expenses for which she is entitled to recover damages.

Answering, defendant denied all plaintiff's allegations of negligence, alleged that it had used "a non-skid wax" on its floor, and averred that plaintiff had been guilty of contributory negligence in that she (1) "failed to keep a proper lookout while walking upon a perfectly clean and smooth floor"; (2) "failed to place her feet securely on the floor"; and (3) "permitted or caused herself to get off balance and to fall."

Upon the trial, plaintiff's evidence tended to show: Plaintiff had an account with defendant and, about 9:30 a.m. on 10 November 1962, she went to its place of business to get a check which was being held for her at the counter. The floor was "real shiny with wax." Plaintiff was wearing "flats" — shoes with flat heels. Just as she walked in the door her foot slipped; she fell and fractured her left kneecap. As she got up from the floor, a "girl who was employed at the Home Credit Company said something to (her)." Defendant's objection to what the girl said was sustained. In the absence of the jury, plaintiff testified that just as she was getting up, she said to the girl, "This is a slick floor." The girl's reply was, "It sure is; I have almost slipped down myself." Then she added that "the janitor had waxed the floor the night before."

At the conclusion of plaintiff's evidence, the court dismissed the action "as in the case of involuntary nonsuit," and plaintiff appealed.

*Turner and Harrison for plaintiff appellant.*
*White and Aycock for defendant appellee.*

PER CURIAM. Plaintiff's first assignment of error is:

"That the court erred in its ruling on the admissibility of evidence, when it refused to allow the plaintiff to testify to a conversation with an employee of the defendant, said conver-

.sation having on a short time after the plaintiff's fall and before she left the premises. EXCEPTION No. 2 (R. p. 15)."

This statement of the assignment ignores Rule 19(3) of the Rules of Practice in the Supreme Court. An assignment of error to the admission *or* exclusion of evidence must include so much of that testimony as will enable the Court to understand the question sought to be presented without the necessity of going beyond the assignment itself. *Darden v. Bone,* 254 N.C. 599, 119 S.E. 2d 634; *Bridges v. Graham,* 246 N.C. 371, 98 S.E. 2d 492; 1 Strong, N. C. Index, Appeal and Error § 23 (Supp.) (1957). Notwithstanding appellant's failure to comply with the rule, because of the brevity of the record, we have considered the assignment and find it to be without merit.

The statements of "the girl who was employed at the Home Credit Company" that she herself had almost slipped and that the janitor had waxed the floor the night before were merely narrative of past occurrences. It was, therefore, incompetent hearsay as against her employer, the defendant. *Edwards v. Hamill,* 266 N.C. 304, 145 S.E. 2d 884; *Branch v. Dempsey,* 265 N.C. 733, 145 S.E. 2d 395; *Brown v. Montgomery Ward & Co.,* 217 N.C. 368, 8 S.E. 2d 199. Even if this evidence had been admitted without objection, the judgment of nonsuit would have still been inevitable.

> "The fact that a floor is waxed does not constitute evidence of negligence. Nor does the mere fact that one slips and falls on a floor constitute evidence of negligence. *Res ipso loquitur* does not apply to injuries resulting from slipping or falling on a waxed or oiled floor." *Barnes v. Hotel Corp.,* 229 N.C. 730, 731-32, 51 S.E. 2d 180, 181.

*Accord, Hedrick v. Tigniere,* 267 N.C. 62, 147 S.E. 2d 550; *Murrell v. Handley,* 245 N.C. 559, 96 S.E. 2d 717. Plaintiff's evidence, including that which was excluded, merely tends to show that the floor in defendant's place of business had been waxed and polished. Evidence that the wax had been applied other than in the usual and customary manner is lacking. It shows neither an excessive quantity used nor any "unusual patch of wax" left on the floor. See *Copeland v. Phthisic,* 245 N.C. 580, 96 S.E. 2d 697; *Lee v. Green & Co.,* 236 N.C. 83, 72 S.E. 2d 33; annot., 63 A.L.R. 2d 591 (1959).

The judgment of nonsuit is
Affirmed.