CATHERINE A. EMERSON v. THE GREAT ATLANTIC AND PACIFIC TEA COMPANY, INC.

No. 7815SC815

(Filed 19 June 1979)

1. **Negligence § 56— fall of store customer—subsequent repairs—no consideration on summary judgment motion**

    In an action to recover for injuries sustained by plaintiff when she tripped and fell over a metal strip that formed the edging for electrically operated doors of defendant's store, the admission by defendant in answer to an interrogatory that repairs had been made after the incident would not have been admissible at trial and therefore could not properly be considered on a hearing on a motion for summary judgment.

2. **Negligence § 56— fall of store customer—statement by bag boy—no consideration on summary judgment motion**

    In an action to recover for injuries sustained by plaintiff when she tripped over a metal strip and fell at the entrance of defendant's grocery store, a statement by defendant's bag boy that the bolt binding the metal strip to the cement had been stripped, had been sitting loose in the hole and was not tight and that plaintiff herself had not pulled up the bolt would not have been admissible at trial since it did not relate to an act then being done by the bag boy within the scope of his employment, and therefore could not properly be considered at a hearing on a motion for summary judgment.

3. **Negligence § 57.10— metal strip at store entrance—fall by customer—summary judgment for defendant improper**

    In an action to recover for injuries sustained by plaintiff when she tripped over a metal strip at the entrance to defendant's store, a genuine issue of material fact was raised by virtue of plaintiff's statement in her deposition filed in response to defendant's summary judgment motion that plaintiff was tripped by a loose metal strip near the door and that she would not have fallen but for the loose strip, and defendant failed to produce evidence that the unsafe condition was not caused by its failure to exercise reasonable care.

APPEAL by plaintiff from *Bailey, Judge.* Judgment entered 17 April 1978 in Superior Court, ORANGE County. Heard in the Court of Appeals 24 May 1979.

Plaintiff filed a complaint alleging that she "was tripped by a loose metal strip that formed the edging for the electrically operated doors" while attempting to leave the defendant's place of business in Chapel Hill and that the defendant knew or should have known of the dangerous and unsafe condition caused by the loose metal strip. She further alleged

> [t]hat as a result of the defendant's failure to correct said dangerous and unsafe condition, warn the plaintiff of said dangerous and unsafe condition, or take other action necessary to insure the safety of the plaintiff while on the premises, said dangerous and unsafe condition caused the plaintiff to trip and fall while on the premises of the defendant.

Defendant filed answer, denying negligence and pleading plaintiff's contributory negligence. Interrogatories were served on and answered by the defendant. Defendant thereafter filed motion for summary judgment pursuant to G.S. 1A-1, Rule 56. On 17 April 1978, summary judgment was entered in favor of the defendant and plaintiff appeals.

Other facts pertinent to this decision are hereinafter noted.

*Levine & Stewart, by John T. Stewart, for plaintiff appellant.*

*Haywood, Denny & Miller, by George W. Miller, Jr., for defendant appellee.*

CARLTON, Judge.

The sole question for determination is whether the trial court erred in allowing the motion for summary judgment.

G.S. 1A-1, Rule 56(c) provides in part as follows:

> The [summary] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.

By the clear language of the rule itself, the motion for summary judgment can be granted only upon a showing by the mov-

ant (1) that there is no genuine issue as to any material fact, and (2) that the moving party is entitled to a judgment as a matter of law. While the motion will receive stricter application in negligence cases, summary judgment is available in all types of litigation to both plaintiff and defendant. *See Page v. Sloan*, 281 N.C. 697, 190 S.E. 2d 189 (1972); *Pridgen v. Hughes*, 9 N.C. App. 635, 177 S.E. 2d 425 (1970).

The rules for determining whether summary judgment is appropriate in negligence actions are the same as those in non-negligence actions. The nature of a negligence action is simply such that only the exceptional case will lend itself to a Rule 56 motion. *Robinson v. McMahan*, 11 N.C. App. 275, 181 S.E. 2d 147, *cert. denied*, 279 N.C. 395, 183 S.E. 2d 243 (1971). For reasons discussed *infra*, we do not believe this to be one of those exceptional actions.

The established principles in actions of this nature were succinctly stated by our Supreme Court in *Long v. National Food Stores, Inc.*, 262 N.C. 57, 59-61, 136 S.E. 2d 275, 277-278 (1964):

1. A customer who enters, during business hours, a store kept open for public patronage to purchase goods therein has invitee status.

2. A store proprietor is not an insurer of the safety of such customers on his premises, and liability for injury to such customers attaches only for injuries resulting from actionable negligence on his part.

3. The law imposes upon a store proprietor the legal duty to exercise ordinary care to keep its aisles and passageways, where customers are expected to go, in a reasonably safe condition, so as not unnecessarily to expose them to danger, and to give warning of hidden dangers or unsafe conditions of which it knows or in the exercise of reasonable supervision and inspection should know.

4. "The standard is always the conduct of the reasonably prudent man. The rule is constant, while the degree of care which a reasonably prudent man exercises, or should exercise, varies with the exigencies of the occasion. [Citations omitted.] For instance, what would constitute such care in a country non-service

store would seem not to be adequate in a city self-service store through which passes a steady flow of customers who, because of the nature of the business, are constantly handling the merchandise." *Raper v. McCrory-McLellan Corp.*, 259 N.C. 199, 130 S.E. 2d 281 (1963).

5. The inviter is charged with knowledge of an unsafe or dangerous condition on his premises during business hours resulting from his own negligence or the negligence of an employee acting within the scope of his employment, or of a dangerous condition of which his employee has notice. In such cases the inviter is liable if injury to an invitee is a proximate result of such negligence, because the inviter is deemed to have knowledge of his own and his employees' acts.

6. But where the unsafe or dangerous condition is the result of a third party's negligence or where there is no evidence of the origin thereof, an invitee proximately injured thereby may not recover, unless he can show that the unsafe or dangerous condition had remained there for such a length of time that the inviter knew, or by the exercise of reasonable care, should have known of its existence.

7. The doctrine of *res ispa loquitur* is inapplicable in suits against business proprietors to recover for injuries sustained by customers or invitees in falls during business hours on floors and passageways located within the business premises and on which there is litter, debris, or other substances.

8. No inference of negligence on the part of a store proprietor arises merely from a showing that a customer in his store during business hours fell and sustained an injury in the store.

Upon a motion for summary judgment, the burden is on the movant to establish that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. *See* 6 Moore's Federal Practice, ¶ 156.15[3]. "Defendant, moving for summary judgment, assumes the burden of producing evidence, of the necessary certitude, which negatives plaintiff's claim." *Tolbert v. Tea Co.*, 22 N.C. App. 491, 494, 206 S.E. 2d 816, 817 (1974).

Assuming the defendant meets his burden, for the plaintiff to survive a motion for summary judgment, it is necessary that the

reviewable documents establish either that (1) negligence of the defendant or an employee acting within the scope of his employment, resulted in the defect, in which case knowledge of the defect is charged to the defendant, or (2) that the defect was caused by a third party and existed for such a time that defendant knew, or by the exercise of reasonable care should have known, of its existence. Since there is no allegation as to the latter, it is incumbent here for plaintiff to show in the reviewable documents some evidence tending to show (a) defective or negligent construction or maintenance; (b) express or implied notice of such defects. *Sams v. Hotel Raleigh, Inc.*, 205 N.C. 758, 172 S.E. 371 (1934).

Plaintiff contends that the documents before the trial court at the summary judgment hearing establish a triable issue of fact with respect to her allegation of defective or negligent construction or maintenance by defendant in three instances: (1) defendant's admission in the interrogatories that repairs were made to the metal stripping after her fall, (2) the positive statement in her affidavit submitted in response to defendant's motion for summary judgment that she "tripped by a loose metal strip around the mechanism that activated the automatic doors," and (3) the statement to her by an employee of defendant several days after the incident that the bolt binding the metal trim to the cement had been stripped and was sitting loose in the hole, indicating that plaintiff had not pulled up the bolt at the time of the incident.

[1] With respect to the first contention, we note the following established rule: Evidence which may be considered on a motion for summary judgment includes admissions in the pleadings, depositions on file, answers to interrogatories, admissions on file including those not obtained under Rule 36, affidavits, and any other material *which would be admissible in evidence* or of which judicial notice may properly be taken. *Jernigan v. State Farm Mut. Auto. Ins. Co.*, 16 N.C. App. 46, 190 S.E. 2d 866 (1972); *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). The making of repairs or taking adequate precautions after an accident is not admissible as an admission of previous negligence. 2 Stansbury, N.C. Evidence, § 180, p. 58 (Brandis rev. ed. 1973); *Price v. Railroad Co.*, 274 N.C. 32, 161 S.E. 2d 590 (1968); 65A C.J.S., Negligence, § 225, p. 628.

The admission by defendant in answer to an interrogatory that repairs had been made after the incident would not have been admissible at trial; hence, such evidence could not be properly considered at the hearing on motion for summary judgment.

[2]  Plaintiff's second contention is that defendant knew or should have known of a defect and failed to take corrective action by virtue of a statement in her deposition that subsequent to the accident, a bag boy at defendant's store informed her that the bolt binding the metal strip to the cement had been stripped, had been sitting loose in the hole and was not tight and that plaintiff had herself not pulled up the bolt.

> What an agent or employee says relative to an act presently being done by him within the scope of his agency or employment is admissible . . . against the principal or employer, but what [he] says afterwards, and merely narrative of a past occurrence, though his agency or employment may continue as to other matters, or generally, is only hearsay and is not competent as against the principal or employer. 2 Stansbury, N.C. Evidence, § 169, p. 12 (Brandis rev. ed. 1973).

While there are exceptions to the stated rule, we find none of them applicable to the case at bar. Since the statement by the defendant's employee to plaintiff would not have been admissible at trial, it could not properly be considered at the hearing on the motion for summary judgment. *See Grimes v. Credit Company,* 271 N.C. 608, 157 S.E. 2d 213 (1967); *Brown v. Montgomery Ward and Company,* 217 N.C. 368, 8 S.E. 2d 199 (1940); *Staley v. Park,* 202 N.C. 155, 162 S.E. 202 (1932).

[3]  Plaintiff finally contends that a genuine issue of material fact was raised by virtue of her positive statement in the deposition filed in response to the motion for summary judgment that she was tripped by a loose metal strip near the door. Her affidavit also stated that she "would not have fallen but for the loose metal strip." The plaintiff further stated in her deposition:

> The canvas on the top part of the shoe was ripped, so *evidently* the piece of metal was high up enough that it caught my shoe on the upper part and it just, you know — *I guess that's what flipped me.* But, *evidently,* the metal must

have been high up enough that it caught my shoe on the top part. It was not a matter of stubbing my toe or anything like that. (Emphasis added.)

Q. Now that's a conclusion that you reached—

A. Yes, sir.

Q. —and not something you saw?

A. Yes, sir.

This case is similar to *Tolbert v. Tea Co., supra.* There, plaintiff brought action against defendant to recover for injuries sustained when plaintiff fell while shopping in defendant's grocery store. Plaintiff's deposition disclosed that "[plaintiff's] foot slipped on the stuff that was on the floor. My feet flew out from under me and my head hit the floor and I felt very severe pain in my neck and shoulder area." Immediately after the fall, plaintiff observed crushed strawberries on the floor. Defendant argued that plaintiff had failed to present evidence showing how the strawberries got on the floor or whether the unsafe condition had been allowed to exist for such time that defendant should have known of its existence. The trial court granted defendant's motion for summary judgment, but this Court reversed, holding that it was defendant's duty to produce evidence that the fall was not caused by its failure to exercise reasonable care.

We are of the opinion that defendant has failed to produce evidentiary material of the necessary certitude to negate plaintiff's claim. We are cognizant of the fact that plaintiff's deposition was characterized by conjectural phrases and words importing doubt as to the condition of the allegedly "loose metal strip." However, it was defendant's duty to produce evidence that the unsafe condition was not caused by its failure to exercise reasonable care in light of the clear assertions in plaintiff's complaint. *Tolbert v. Tea Co., supra.* Consideration of whether plaintiff offered evidence to support her claim in her deposition is improper when defendant has not produced sufficient evidence to defeat plaintiff's claim in its entirety and to show that defendant is entitled to judgment as a matter of law. *See Keith v. Kresge Co.*, 29 N.C. App. 579, 225 S.E. 2d 135 (1976); *Sanders v. Davis*, 25 N.C. App. 186, 212 S.E. 2d 554 (1975); *Whitley v. Cubberly*, 24 N.C. App. 204, 210 S.E. 2d 289 (1974).

Furthermore, in passing upon a motion for summary judg-ment, all affidavits, depositions, answers to interrogatories and other material filed in support or opposition to the motion must be viewed in the light most favorable to the party opposing the motion, and such party is entitled to the benefit of all inferences in his favor which may be reasonably drawn from such material. 6 Moore's Federal Practice, ¶ 56.15[3], p. 56-469; *Whitley v. Cubber-ly, supra.*

It may be that upon a trial of the issues, the plaintiff, with the burden of establishing her case, may be unable to prove any negligence on the part of the defendant. On the record before us, however, summary judgment was improvidently entered against the plaintiff. The judgment of the trial court is therefore

Reversed.

Judges VAUGHN and CLARK concur.