RICHARD EUGENE FOSTER II, BY HIS GUARDIAN AD LITEM, RICHARD EUGENE FOSTER v. EUGENE WEITZEL, JR., AND WIFE, NOVELLA WEITZEL

No. 7228SC708

(Filed 20 December 1972)

**1. Negligence § 5.1— laundromat — child as implied invitee**

Plaintiff child, accompanying his mother to defendants' laundromat, occupied the relationship of at least an implied invitee on the premises.

**2. Negligence § 5.1— hidden defect in laundromat dryer — duty of proprietor to child of patron**

The proprietor of a laundromat owes the duty to exercise ordinary care to maintain in a reasonably safe condition the premises and to give warning of hidden perils or unsafe conditions insofar as these can be ascertained by reasonable inspection and supervision; therefore, evidence presented a jury question where such evidence tended to show that there were two dryers placed five feet apart and two feet from the wall in defendants' laundromat, that one of the dryers did not have a back on it but had moving parts exposed, that defendants knew of this condition while plaintiff child's mother did not, that the mother had loaded the dryer and started it and was loading the second dryer when her two year old son stuck his hand into the machinery and that the son suffered injury to three fingers as a result.

APPEAL by defendants from *Thornburg, Judge,* 8 May 1972 Session of BUNCOMBE Superior Court.

On 4 June 1970 at about 4:00 p.m. Mrs. Mary Foster, minor plaintiff's mother, went to defendants' laundromat accompanied by the minor plaintiff, then less than two years of age. At one end of the laundromat were two automatic clothes dryers, about five feet apart and located, according to Mrs. Foster, about two feet from the wall. On the back of one of the dryers the pulleys and belts that operated the machine were exposed, there being no cover over them and no guard between the dryer and the wall.

Mrs. Foster loaded clothing in one dryer and started it. She then went to the other dryer and was loading it when she heard her son scream, and saw that his right hand was covered with blood and the tips of three fingers had been cut off. He was standing beside the first dryer toward its back. Mrs. Foster saw blood on the floor behind the dryer.

Defendant Eugene V. Weitzel, Jr. testified that the dryers had been installed in the building in 1961 or 1962, that they

had been in use since that time, and that he had done nothing to them since they were installed. The dryers were not bolted to the wall or affixed to the floor of the building. He testified that neither he nor anyone else had ever taken a back off the dryers, but he also testified that he had seen the pulleys and belts before. He testified there was a space from two to six inches between the dryers and the wall.

At the close of plaintiff's evidence, and again at the close of all the evidence, defendants moved for directed verdict, which motions were denied. Defendants excepted to denial of the motions for directed verdict and the entry of the judgment on the jury verdict against them.

*Brock and Howell by Floyd D. Brock for plaintiff appellee.*

*Clarence N. Gilbert for defendant appellants.*

CAMPBELL, Judge.

The question presented by this appeal is whether the evidence taken in the light most favorable to the plaintiff was sufficient to be submitted to the jury. The evidence, when so considered, reveals that a mother took her toddling baby, less than two years of age, into a laundromat provided by the defendants for the use of patrons desiring such a service. There were two automatic clothes dryers located in one end of the building. One of these dryers had no back on it and was positioned so that the wall did not form a back as the dryer itself was at least two feet from the wall. This dryer had pulleys and a belt which operated the machinery when the dryer was in use. The dryer was not affixed to the floor; and while it may have been customarily close to the wall so that the wall acted as a back, nevertheless, on this occasion, it was some two feet removed from the wall and the open moving machinery was not obvious to the mother and had not been called to her attention before the injury to her son.

[1, 2] The child on this occasion occupied the relationship of at least an implied invitee on the premises. *Fortune v. Southern Railway Co.,* 150 N.C. 695, 64 S.E. 759 (1909) ; *Thacker v. J. C. Penney Company,* 254 F. 2d 672 (5th Cir. 1958). Persons engaged in operating laundromats in this day and time should anticipate that mothers using the laundromat facilities will be accompanied by their children in order to make use of the

facilities provided by the business proprietor. Under such circumstances, the proprietor is not an insurer, but such a proprietor is bound to exercise ordinary care for the safety of such children. The proprietor owes the duty to exercise ordinary care to maintain in a reasonably safe condition the premises and to give warning of hidden perils or unsafe conditions insofar as these can be ascertained by reasonable inspection and supervision.

The defendants placed considerable reliance upon the case of *Freeze v. Congleton,* 276 N.C. 178, 171 S.E. 2d 424 (1969). We think the instant case distinguishable from the *Freeze* case in that in the instant case the child's mother had no knowledge that the dryer was not equipped with a back and had exposed machinery which would entice a toddling baby to investigate. On the other hand, the proprietor knew, or should have known, that small children would accompany their parents on the premises. Under these circumstances, it was incumbent upon the proprietor to take reasonable precautions to keep the premises in a reasonably safe condition and not have exposed moving machinery. We think the facts in this case, when viewed in the light most favorable to the plaintiff, presented a question for the jury.

No error.

Judges MORRIS and PARKER concur.