DEBRA L. MITCHELL BY HER GUARDIAN AD LITEM, DONALD MITCHELL v. K. W. D. S., INC. (A NORTH CAROLINA CORPORATION)

No. 7514SC68

(Filed 2 July 1975)

1. Negligence § 52— public bowling alley — minor with grandmother — implied invitee

   Plaintiff who, accompanied by her grandmother, was lawfully at defendant's public bowling alley at the time she was injured occupied the relationship of at least an implied invitee on the premises.

2. Negligence § 53— operator of business — duty to invitee

   Defendant as the operator of a business is not an insurer of the safety of its customers, but it does owe the duty to exercise ordinary care to keep in reasonably safe condition those portions of its premises which it may expect they will use during ordinary business hours and to give warning of hidden perils or unsafe conditions insofar as these are known or can be ascertained by reasonable inspection.

3. Negligence § 57— public bowling alley — plate glass window — jury question of negligence

   Where it appeared that defendant maintained on its premises adjacent to the building's entrance doors a panel of glass of such size and position and so transparent that invitees to the premises, particularly small children, could easily mistake the glass for an actual opening, it was for the jury to determine whether defendant was negligent, and the trial court erred in granting defendant's motion for summary judgment.

4. Negligence § 53— injury to minor invitee — duty of parent or responsible person

   That a parent or other person primarily responsible for the care of a small child is somewhere on the premises does not absolve the proprietor of liability for injuries to the child caused by the proprietor's negligent failure to maintain the premises in a reasonably safe condition.

5. Negligence § 18— child under seven — no contributory negligence as matter of law

A child under seven years of age is incapable of contributory negligence as a matter of law.

APPEAL by plaintiff from *Braswell, Judge.* Judgment entered 7 November 1974 in Superior Court, DURHAM County. Heard in the Court of Appeals 8 April 1975.

Civil action to recover damages for personal injuries sustained by plaintiff when she collided with a plate glass panel on defendant's premises. The pleadings and answers to interrogatories disclose there is no genuine issue as to the following facts.

On 14 July 1970 defendant operated a public bowling alley in Durham. On that date plaintiff, then six years old, was visiting her grandmother in Durham. While so visiting, plaintiff was in the care and custody of her grandmother. On 14 July 1970 plaintiff accompanied her grandmother to defendant's bowling alley. While the grandmother bowled, plaintiff played with other children on the premises. Intending to continue their play out-of-doors, plaintiff attempted to go out the door at the front of the building. In so doing, she mistook a plate glass panel beside the door for the door, ran into the glass, and was injured.

The glass with which plaintiff collided was 80 inches by 90 inches in size and was located immediately to the right of the main entrance doors as one faces the building. It was separated from the door by approximately four inches of metal casing. There was a two-inch casing around the glass, the casing beginning two inches off the floor, making a total distance of four inches from floor to glass. The walking surface immediately in front of the glass was carpeting. At the time of plaintiff's injury, there were no markings, decals, or other objects on the glass, and there was no furniture and no obstruction in front of the glass to prevent contact with the glass by persons using the building. The defendant provided no security guard, custodian, supervisor, or other such person within the immediate vicinity of the glass to supervise or assist in controlling the actions of defendant's customers or invitees.

In her complaint plaintiff alleged and defendant by answer denied that defendant was negligent in maintaining on its premises "a clear, transparent section of glass without any marking of any type to indicate to the general public the presence of such glass when Defendant knew or reasonably should have known

Mitchell v. K. W. D. S., Inc.

that its patrons, consisting largely of small children similar to the minor Plaintiff, would be deceived by the appearance of such plate glass into believing that the area in which such glass was installed was an unobstructed opening."

After considering the pleadings, interrogatories, and answers to interrogatories, the court allowed defendant's motion for summary judgment and plaintiff appealed.

*Bryant, Lipton, Bryant & Battle, P.A. by Victor S. Bryant, Jr. for plaintiff appellant.*

*Spears, Spears, Barnes, Baker & Boles by J. Bruce Hoof for defendant appellee.*

PARKER, Judge.

Irrespective of who has the burden of proof at trial upon issues raised by the pleadings, upon a motion for summary judgment the burden is on the movant to establish that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. *Savings & Loan Assoc. v. Trust Co.,* 282 N.C. 44, 191 S.E. 2d 683 (1972). Moreover, all material filed in support of or opposition to the motion for summary judgment must be viewed in the light most favorable to the nonmovant and such party is entitled to the benefit of all inferences in his favor that may be reasonably drawn from such material. *Whitley v. Cubberly,* 24 N.C. App. 204, 210 S.E. 2d 289 (1974); 6 Moore's Federal Practice (2d Ed. 1974) ¶ 56.15[3]. In the present case the plaintiff, opposing defendant's motion for summary judgment, had no burden of producing evidence supporting her claim until defendant, as movant, produced evidentiary material of the necessary certitude to negate plaintiff's claim in its entirety and to show that defendant was entitled to judgment as a matter of law. *Sanders v. Davis,* 25 N.C. App. 186, 212 S.E. 2d 554 (1975); *Tolbert v. Tea Co.,* 22 N.C. App. 491, 206 S.E. 2d 816 (1974). Our examination of the record, which consists of pleadings, interrogatories, and answers to those interrogatories, discloses that defendant here failed to establish that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law.

Plaintiff alleged that the sole and proximate cause of her injuries was defendant's negligence. Issues of negligence are not, except in exceptional cases, susceptible to summary adjudication for the reason that the applicable standard of care by

which one party's conduct or omission is judged is ordinarily for the jury to apply under appropriate instructions from the court. *Page v. Sloan*, 281 N.C. 697, 190 S.E. 2d 189 (1972).

[1, 2] The record discloses that plaintiff, accompanied by her grandmother, was lawfully at defendant's public bowling alley at the time she was injured. On this occasion plaintiff occupied the relationship of at least an implied invitee on the premises. *Foster v. Weitzel*, 17 N.C. App. 90, 193 S.E. 2d 329 (1972), *cert. denied*, 282 N.C. 672 (1973) ; *see* 6 Strong, N. C. Index 2d, Negligence, § 52. Defendant as the operator of a business is not an insurer of the safety of its customers, but it does owe the duty to exercise ordinary care to keep in reasonably safe condition those portions of its premises which it may expect they will use during ordinary business hours and to give warning of hidden perils or unsafe conditions insofar as these are known or can be ascertained by reasonable inspection. *Long v. Food Stores*, 262 N.C. 57, 136 S.E. 2d 275 (1964) ; *Sanders v. Anchor Co.*, 12 N.C. App. 362, 183 S.E. 2d 312 (1971). "What constitutes a reasonably safe condition of premises depends, of course, upon the uses which the proprietor invites his business guests to make of them and those which he should anticipate they will make. 65 C.J.S., Negligence, § 45(b). It also depends upon the known or reasonably foreseeable characteristics of the invitees. 38 Am. Jur., Negligence, §§ 38, 40." *Hedrick v. Tigniere*, 267 N.C. 62, 67, 147 S.E. 2d 550, 553 (1966).

[3] When all of the material in this record which was filed in support of or opposition to defendant's motion for summary judgment is examined in the light most favorable to the nonmovant plaintiff, and when she is given the benefit of all inferences in her favor which may be reasonably drawn from such material, it appears that defendant maintained on its premises adjacent to the building's entrance doors a panel of glass of such size and position and so transparent that invitees to the premises, particularly small children, could easily mistake the glass for an actual opening. We hold that upon this showing it was for the jury to determine whether defendant was negligent. *See* Annot., 41 A.L.R. 3d 176 (1972).

[4] Defendant relies upon *Freeze v. Congleton*, 276 N.C. 178, 171 S.E. 2d 424 (1970). We find the instant case distinguishable. Liability of the defendant in that case could not be predicated, as it is here, upon any condition of the premises, since the premises there was owned by defendant and her husband as

Mitchell v. K. W. D. S., Inc.

tenants by the entirety, the condition of the premises was the responsibility of the husband, and the husband was not a party to the action. In *Freeze* the plaintiff sought to make out a case of actionable negligence against the defendant for closing a sliding glass door and failing to warn the infant plaintiff of the danger thereby created. The mother of the child was present in the room, had knowledge of the pertinent facts, and knew the child was walking toward the door. In holding that judgment of nonsuit should have been sustained, the opinion of our Supreme Court pointed out that under the circumstances disclosed by the evidence in that case the duty to warn the child of the closed glass door fell upon the parent who was present with full knowledge of the danger. In the present case the grandmother of the child was present on defendant's premises, but there was no showing that she accompanied the child as she attempted to leave the building or that the grandmother was present in the portion of the building where the child was hurt. That a parent or other person primarily responsible for the care of a small child is somewhere on the premises does not absolve the proprietor of liability for injuries to the child caused by the proprietor's negligent failure to maintain the premises in a reasonably safe condition.

[5] In the present case defendant in its answer pled contributory negligence of the minor plaintiff as a defense. In this jurisdiction a child under seven years of age is incapable of contributory negligence as a matter of law. *Hoots v. Beeson,* 272 N.C. 644, 159 S.E. 2d 16 (1968) ; *Walston v. Greene,* 247 N.C. 693, 102 S.E. 2d 124 (1958). Moreover, although we are not called upon to decide the matter in the present case, had the plaintiff here been an adult, it is questionable whether the record would support summary judgment for defendant on the ground that plaintiff was guilty of contributory negligence as matter of law. *See Brant v. Robinson Investment Company,* 435 F. 2d 1345 (4th Cir. 1971).

The judgment appealed from is

Reversed.

Chief Judge BROCK and Judge ARNOLD concur.