CHESTER PHILLIPS v. THE GRAND UNION COMPANY, WHINK PRODUCTS CO., AND SAVA STOP, INC.

No. 8221SC1040

(Filed 4 October 1983)

**Negligence § 57.10— negligent injury to invitee of store—granting of motion to dismiss improper**

In a negligence action brought to recover medical expenses and loss of services for injuries sustained by plaintiff's minor son in a grocery store, the trial court erred in granting defendant's motion to dismiss where the allegations of plaintiff's complaint indicated that the minor son was an invitee of defendant store to which the minor was owed a duty of ordinary care, that the defendant placed bottles of Whink on a low shelf that was accessible to young children, that Whink is a dangerous hydrochloric acid-based cleaner, that Whink fluid was allowed to remain on display with bottle tops removed or loosened, that warnings were not posted about Whink's dangerous properties, that the child's injuries were actually and proximately caused by defendant's actions, and that damages resulted from the injuries.

Judge JOHNSON concurring in the result.

APPEAL by plaintiff from *Brewer, Judge.* Judgment entered 17 August 1982 in Superior Court, FORSYTH County. Heard in the Court of Appeals 26 August 1983.

Plaintiff brought this negligence action to recover medical expenses and loss of services for injuries sustained by plaintiff's minor son in defendant's Grand Union Big Star Food Store in Winston-Salem, North Carolina. Defendant, Grand Union Company, moved to dismiss the action pursuant to Rule 12(b)(6) on the ground that the complaint failed to state a claim for which relief

could be granted. From the lower court's grant of the motion to dismiss, plaintiff appeals.

*Keith & Smithwick, by Thomas J. Keith, for plaintiff-appellant.*

*Hutchins, Tyndall, Doughton and Moore, by Richard Tyndall, for defendant-appellee, Grand Union Company.*

EAGLES, Judge.

Plaintiff's sole assignment of error is that the trial court erred in dismissing the complaint. We agree and hold that dismissal was improper. A motion to dismiss for failure to state a claim for which relief could be granted is properly granted only when "it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." *Piatt v. Krispy Kreme Doughnut Corporation,* 28 N.C. App. 139, 142, 220 S.E. 2d 173, 175 (1975). The defendant's Rule 12(b)(6) motion should be granted only if it appears to a certainty, from the face of the complaint, that plaintiff's negligence claim could not be proved under any state of facts which could be proved in support of the claim. Rule 8 of the Rules of Civil Procedure requires that a complaint give "a short and plain statement of the claim sufficiently particular to give the Court and the parties notice of the transactions, occurrences, or series of transactions and occurrences, intended to be proved showing that the pleader is entitled to relief."

According to the complaint, on 12 April 1978, plaintiff and his son Benjamin went to the Big Star Food Store, which is owned by defendant Grand Union Company. While in the store, Benjamin was injured when a young child, who was and is unknown to plaintiff, playfully picked up a bottle of Whink fluid from a low shelf where it had been placed by defendant Grand Union or by another defendant with defendant Grand Union's knowledge, and sprayed it in Benjamin's right eye. Whink is a dangerous and highly acidic toilet bowl cleaner "consisting in large part of hydrochloric acid." Benjamin suffered scarring of his cornea, resulting in decreased vision and drooping of the right eye because of damage to surrounding muscles. Plaintiff alleges that defendant Grand Union was negligent, *inter alia,* in placing Whink on the lower shelves accessible to young children, in fail-

ing to separate the dangerous and highly acidic Whink fluid from other nondangerous articles, in allowing Whink fluid to remain on display with bottle tops removed or loosened, and in failing to post warnings about Whink's dangerous properties.

Plaintiff's allegations state sufficient facts which, if proved at trial, would establish defendant's negligence. A prima facie case of negligence liability is alleged when a plaintiff shows that: defendant owed him a duty of care; defendant's conduct breached that duty; the breach was the actual and proximate cause of plaintiff's injury; and damages resulted from the injury. *Southerland v. Kapp*, 59 N.C. App. 94, 95, 295 S.E. 2d 602, 603 (1982). Defendant owed a duty of ordinary care to Benjamin, for a child accompanying a parent to a business establishment has the status of an implied invitee. *Mitchell v. K.W.D.S., Inc.*, 26 N.C. App. 409, 216 S.E. 2d 408 (1975). While a defendant store is not an insurer of customers' safety, Grand Union did owe to Benjamin the duty to use ordinary care to keep the premises in a reasonably safe condition and to give warning of hidden or latent dangers that could be ascertained by reasonable inspection and supervision. *Norwood v. Sherwin-Williams Co.*, 303 N.C. 462, 467, 279 S.E. 2d 559, 562 (1981); *Hunt v. Montgomery Ward and Co.*, 49 N.C. App. 642, 646, 272 S.E. 2d 357, 360 (1980). The allegations that Benjamin was an invitee to whom defendant owed a duty of ordinary care, that the defendant placed the bottles of Whink on a low shelf that was accessible to young children, that Whink is a dangerous hydrochloric acid-based cleaner, that Whink fluid was allowed to remain on display with bottle tops removed or loosened, that warnings were not posted about Whink's dangerous properties, that Benjamin's injuries were actually and proximately caused by defendant's actions, and that damages resulted from the injuries are sufficient for this action to survive a Rule 12(b)(6) motion to dismiss. If competent evidence is offered to support the allegations, a jury should be permitted to determine whether defendant failed to exercise ordinary care to keep its premises in a reasonably safe condition with regard to display of the product in question. Allowing the motion to dismiss was error. *Norwood, supra; Hunt, supra.*

Reversed and remanded.

Judge WHICHARD concurs.

Judge JOHNSON concurs in the result.

Judge JOHNSON concurring in the result.

I concur in the result only insofar as the complaint alleges that defendant was negligent in allowing Whink, an allegedly dangerous and highly acidic toilet bowl cleaner, "consisting in large part of hydrochloric acid to remain on display with bottle caps removed or loosened."