TERRY VARES, INDIVIDUALLY, AND AS GUARDIAN AD LITEM FOR JUSTICE VARES, PLAINTIFF v. GREGORY VARES, BERT L. BENNETT, JR., JOHN BENNETT, SEAN McPARTLAND, AND ANN BENNETT PHILLIPS, DEFENDANTS

No. COA01-1411

(Filed 19 November 2002)

1. **Agency— injury during family farm day—activities not planned at owner's request**

   Defendant Bennett had no liability based on agency where his grandson was injured by a falling tree on a day when Bennett family members performed maintenance on Bennett's farm. Bennett's daughter, defendant Phillips, planned activities for the family's "Farm Day," but there was no evidence that Phillips was acting on Bennett's behalf or at his request, or that Phillips's actions were subject to Bennett's control.

2. **Premises Liability— injured child—supervision by parent**

   The trial court properly granted summary judgment to defendant Bennett on a premises liability claim where Bennett's grandson was injured while his father was cutting down trees on Bennett's land. The father was actively supervising his son and was performing the act which plaintiff asserts was inherently dangerous, and the duty of care to protect the grandson belonged to his father and not to Bennett.

3. **Judgments— entry of default—setting aside—delay caused by insurance company**

   The trial court did not abuse its discretion by setting aside an entry of default against defendant Phillips where her initial delay in answering the complaint was primarily due to negligence

by the insurance company. Moreover, the delay from setting aside the entry of default was short and caused no prejudice to plaintiff.

### 4. Negligence-injury to child— supervision by parent

The trial court did not err by granting summary judgment for defendant Phillips on a negligence claim where Justice Vares was injured during the family's "Farm Day" while his father performed maintenance activities scheduled by Phillips. Justice was supervised by his father; there was no evidence that Phillips assumed supervision of Justice, owed a duty to Justice, or injured Justice by her actions.

### 5. Agency— coordinator of family farm maintenance—voluntary family event—no agency

Summary judgment for defendant Phillips on an agency claim was proper where six-year-old Justice Vares was injured during the family's "Farm Day" while his father cut a tree. Although Phillips organized and coordinated the Farm Day, it was a voluntary family event that took place each year for the benefit of the entire extended family and there was no evidence Vares or other family members acted on Phillips's behalf or that they were obligated to perform the specific tasks assigned to them.

### 6. Appeal and Error— record—failure to include depositions not submitted—no error.

The trial court did not err by not admitting into the record in a negligence action certain depositions where there was no evidence that plaintiff ever offered the depositions by physically conveying them to the judge or otherwise submitting them to the court's review. Moreover, the trial court did not rely on the depositions in ruling on the motions and the exclusion of the evidence from the record could not have prejudiced plaintiff.

Appeal by plaintiff from order entered 5 February 2001 by Judge A. Leon Stanback, Jr., in Chatham County Superior Court, and from judgments entered 10 May and 11 May 2001 by Judge Richard L. Doughton in Chatham County Superior Court. Heard in the Court of Appeals 20 August 2002.

VARES v. VARES

[154 N.C. App. 83 (2002)]

*Katherine E. Jean and Edwards & Atwater, by W. Ben Atwater, Jr., for plaintiff appellant.*

*Ragsdale Liggett PLLC, by George R. Ragsdale and Andrew C. Buckner, for defendant appellee Bert L. Bennett, Jr. Broughton Wilkins Sugg Hall & Thompson, PLLC, by R. Palmer Sugg, for defendant appellee Ann Bennett Phillips.*

TIMMONS-GOODSON, Judge.

Terry Vares ("plaintiff"), mother and guardian ad litem to her minor son, Justice Vares ("Justice"), appeals from judgments by the trial court granting summary judgment in favor of her father, Bert L. Bennett, Jr. ("Bennett"), and her sister, Ann Bennett Phillips ("Phillips") (collectively, "defendants"). Plaintiff also appeals from an order of the trial court setting aside entry of default against Phillips. For the reasons stated herein, we affirm the order and judgments of the trial court.

The pertinent facts of this appeal are as follows: On 6 April 1999, plaintiff filed a complaint in Chatham County Superior Court on behalf of her son, Justice, seeking recovery for severe and permanent injuries he suffered when a falling tree struck his head. The complaint filed by plaintiff alleged that Bennett was negligent in allowing inherently dangerous activity to occur on his property without taking adequate precautions to ensure Justice's safety. On 17 October 2000, plaintiff filed an amended complaint, adding Phillips as a defendant to the suit. On 6 December 2000, plaintiff obtained an entry of default against Phillips, but the trial court set the entry of default aside by order entered 5 February 2001. Phillips filed her answer to the complaint the same day. Defendants thereafter filed motions for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure, which motions came before the trial court on 30 April 2001.

The evidence before the trial court tended to show the following: On 6 April 1996, six-year-old Justice accompanied his parents to the home of his grandfather, defendant Bennett, for a family gathering that the Bennett family members referred to as "Farm Day." On each "Farm Day," Bennett family members typically performed various tasks related to the general maintenance of the fifty-acre property.

On the "Farm Day" at issue ("1996 Farm Day"), Justice's father, Gregory Vares ("Vares"), assisted two other men in trimming and cut-

ting down trees on the property with a chain saw. Justice was present and assisted his father by pulling "brush from around the tree." Before he began cutting a certain tree, Vares instructed his son to stand in a particular area, some distance away from the tree. While cutting the tree, Vares noticed that Justice had moved from his original location to an area closer to the tree being felled. Vares then stopped cutting the tree and ordered Justice to return to his original location. Justice obeyed, and Vares continued cutting the tree. As the tree began to fall, Justice inexplicably darted into its path. The falling tree then struck Justice on the head, severely injuring him.

The evidence further tended to show that Bennett's daughter, defendant Ann Bennett Phillips, was responsible for planning and assigning to family members the activities for the 1996 Farm Day. Plaintiff alleged that Phillips negligently assigned the task of cutting trees to Vares and the other men without first ascertaining their training or expertise to perform such activities. Moreover, plaintiff alleged that Phillips failed to adequately ensure Justice's safety.

After considering all of the evidence and arguments by counsel, the trial court concluded that both defendants were entitled to summary judgment as a matter of law and accordingly entered such judgments. Plaintiff appeals.

---

The issues on appeal are whether the trial court erred in (1) granting summary judgment to Bennett; (2) setting aside the entry of default against Phillips; (3) granting summary judgment to Phillips; and (4) declining plaintiff's request to introduce certain depositions in the record on appeal. We address these issues in turn.

*Standard of Review for Summary Judgment*

Summary judgment is properly granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2001); *Bostic Packaging, Inc. v. City of Monroe,* 149 N.C. App. 825, 830, 562 S.E.2d 75, 79, *disc. review denied,* 355 N.C. 747, 565 S.E.2d 192 (2002). Where the movant establishes that no claim for relief exists, or that the claimant cannot overcome an affirmative defense or legal bar to the claim, the movant is entitled to summary judgment. *See Wilder v. Hobson,* 101 N.C. App. 199, 201, 398 S.E.2d 625, 627 (1990). In determining the grounds for summary judgment, the trial court must view

the evidence in the light most favorable to the non-movant. *See Bostic Packaging, Inc.*, 149 N.C. App. at 830, 562 S.E.2d at 79.

In a negligence claim, summary judgment is appropriate where the plaintiff's forecast of evidence is insufficient to support an essential element of negligence. *See Patterson v. Pierce*, 115 N.C. App. 142, 143, 443 S.E.2d 770, 771, *disc. review denied*, 337 N.C. 803, 449 S.E.2d 749 (1994). In order to establish a *prima facie* case for negligence, the plaintiff must show the following essential elements: (1) the defendant owed the plaintiff a duty of care; (2) the defendant's conduct breached that duty; (3) the breach was the actual and proximate cause of the plaintiff's injury; and (4) plaintiff suffered damages as a result of the injury. *See id.* at 144, 443 S.E.2d at 772.

### *Defendant Bert L. Bennett, Jr.*

Plaintiff argues that there are genuine issues of material fact precluding summary judgment in favor of defendant Bennett, and that the trial court therefore erred in granting such judgment. Plaintiff contends that there was evidence that defendant Phillips acted pursuant to authority granted by Bennett to Phillips as his agent. Plaintiff also asserts that Vares acted as an agent for Phillips, and that any negligence by Vares or Phillips is therefore imputed to Bennett. Plaintiff further asserts that the felling of trees with a chain saw is an inherently dangerous activity, and that Bennett had a non-delegable duty as a landowner to take adequate precautions to protect all lawful visitors to the property. We examine these arguments in turn.

### *A. Agency*

[1] An agent is "one who acts for or in the place of another by authority from the other." *American Tours, Inc. v. Liberty Mutual Ins. Co.*, 315 N.C. 341, 349, 338 S.E.2d 92, 97 (1986). Although the question of agency is a factual one and therefore generally a matter for the jury, "[i]f only one inference can be drawn from the facts then it is a question of law for the trial court." *Hylton v. Koontz*, 138 N.C. App. 629, 635, 532 S.E.2d 252, 257 (2000), *disc. review denied*, 353 N.C. 373, 546 S.E.2d 603 (2001). Thus, we must examine the evidence to determine whether genuine issues of material fact exist as to whether Phillips acted pursuant to authority granted to her by Bennett.

Although plaintiff cites to disputed testimony regarding Bennett's general *knowledge* of the activities that would take place during the 1996 Farm Day, there is no evidence in the record that Phillips was acting on Bennett's behalf or at his *request*. All of the parties agree

that Phillips organized the 1996 Farm Day, assigning the chores to be done and generally coordinating the events. Bennett's uncontradicted testimony was that Farm Day occurred each year "by and large for my children who wanted to be a part of keeping the place up," adding that it was "not at my insistence." There was no evidence that Bennett either requested the 1996 Farm Day to be held or asked for Phillips' assistance in arranging such an event.

Moreover, there was no evidence that Phillips' actions in organizing the 1996 Farm Day and assigning tasks were subject to Bennett's control. *See Outer Banks Contractors v. Daniels & Daniels Construction*, 111 N.C. App. 725, 730, 433 S.E.2d 759, 762 (1993) (stating that agency exists where the actions by the agent are subject to the principal's control). Phillips testified that she coordinated all of the activities, including assigning chores to various family members. Although there was some evidence that Phillips consulted her father before deciding what type of general maintenance should be performed that year, there was no evidence that Bennett reviewed the chore list created by Phillips or the particular assignments, or was present when the activities were performed. There was a similar lack of evidence that Vares acted as Bennett's agent. Because there was no evidence that Phillips or Vares acted as Bennett's agents, we reject this ground as a basis for liability on Bennett's part.

### B.  Premises Liability

**[2]** Plaintiff further argues that Bennett is liable as the landowner of the property where Justice was injured. As a landowner, plaintiff asserts that Bennett had a non-delegable duty to take necessary precautions to protect Justice from inherently dangerous activity occurring on the property.

A landowner ordinarily owes a duty "to exercise ordinary care for the protection of one of tender years, after his presence in a dangerous situation is or should have been known." *Freeze v. Congleton*, 276 N.C. 178, 182, 171 S.E.2d 424, 426 (1970). This duty of care does not apply, however, where the minor child is being actively supervised by a parent who has full knowledge of the condition of the premises and appreciation of the danger thereby presented. *See id*; *see also Watson v. Nichols*, 270 N.C. 733, 736, 155 S.E.2d 154, 157 (1967) (stating that, "when parents are present, in charge of their children of tender years, responsibility for their care and safety falls on the parents"); *compare Mitchell v. K.W.D.S., Inc.*, 26 N.C. App. 409, 413, 216 S.E.2d 408, 412 (holding that, where a minor child is injured

because of a dangerous condition on the premises, the fact that a parent or guardian is "somewhere on the premises" but not actually present at the time of injury "does not absolve the proprietor of liability for injuries to the child caused by the proprietor's negligent failure to maintain the premises in a reasonably safe condition"), *cert. denied*, 288 N.C. 242, 217 S.E.2d 665 (1975), *and Foster v. Weitzel*, 17 N.C. App. 90, 92, 193 S.E.2d 329, 330-31 (1972) (holding that the proprietor of a laundromat could be held liable for injuries suffered by the minor plaintiff in the presence of her mother where the mother had no knowledge of the dangerous condition on the premises), *cert. denied*, 282 N.C. 672, 194 S.E.2d 152 (1973). Similarly, in the context of attractive nuisance cases, it is incumbent upon parents to warn and guard their children against " 'common dangers, existing in the order of nature' " and where they fail to do so, " 'they should not expect to hold others responsible for their own want of care.' " *Fitch v. Selwyn Village*, 234 N.C. 632, 635, 68 S.E.2d 255, 257 (1951) (quoting *Peters v. Bowman*, 115 Cal. 345, 356, 47 P. 598, 599 (1897)).

In contrast to *Mitchell* and *Foster*, the evidence in the instant case shows that Vares was actively supervising his son when the injury occurred, and that he was actually performing the task that plaintiff asserts was inherently dangerous. Vares testified that he fully appreciated the potential hazards associated with felling trees, and that he should not have permitted his son to be present while such activity was taking place. Vares stated that he was "against [taking Justice to Farm Day] to begin with," and that when he was asked to bring a chain saw, he "realized that [he] wouldn't be able to watch the children as well as run a chain saw safely." The evidence further shows that there were other adults present on the property who could have supervised Justice.

When Vares initially began cutting the tree, he noticed that Justice had moved from the safe location where Vares had instructed him to remain. Vares ordered Justice to return to the original position, and Justice obeyed. At that point, the evidence shows that, although Vares (1) understood the hazardous nature of the work; (2) knew that his supervision of Justice while performing such work was inadequate; and (3) had actual notice of the potential for Justice to abandon his position of relative safety, Vares nevertheless allowed Justice to remain in the vicinity of the work site and proceeded to fell the tree that injured his son.

Because the evidence establishes that Justice was injured while being actively supervised by his father, who was actually performing

the activity that plaintiff asserts was inherently dangerous, the duty of care to protect Justice belonged to Vares and not to Bennett. We therefore hold that the trial court properly granted summary judgment to defendant Bennett.

### Defendant Ann Bennett Phillips

Plaintiff contends that the trial court erred in setting aside the entry of default against Phillips. Plaintiff further asserts that genuine issues of material fact exist which preclude summary judgment in favor of Phillips. Specifically, plaintiff argues that Phillips was negligent in assigning Vares and the other men the task of cutting trees, and in failing to provide supervision for Justice. Plaintiff further argues that Vares and the other men cutting trees acted as agents for Phillips, and that any negligence on their part is imputed to her.

### A.  Entry of Default

[3] Plaintiff asserts that the trial court improperly granted Phillips' motion to set aside the entry of default against her. A judge may set aside an entry of default "[f]or good cause shown." N.C. Gen. Stat. § 1A-1, Rule 55(d) (2001). "A trial court's determination of 'good cause' to set aside an entry of default will not be disturbed on appeal absent an abuse of discretion." *Brown v. Lifford*, 136 N.C. App. 379, 382, 524 S.E.2d 587, 589 (2000). Whether or not "good cause" exists depends on the circumstances in a particular case, and, where merited, "an inadvertence which is not strictly excusable may constitute good cause, particularly 'where the plaintiff can suffer no harm from the short delay involved in the default and grave injustice may be done to the defendant.' " *Peebles v. Moore*, 48 N.C. App. 497, 504, 269 S.E.2d 694, 698 (1980) (quoting *Whaley v. Rhodes*, 10 N.C. App. 109, 112, 177 S.E.2d 735, 737 (1970)), *affirmed as modified*, 302 N.C. 351, 275 S.E.2d 833 (1981). Entry of default is generally disfavored, and thus any doubts concerning such entry "should be resolved in favor of setting aside an entry of default so that the case may be decided on its merits." *Id.* at 504-05, 269 S.E.2d at 698.

In the instant case, the evidence presented to the trial court at the hearing for Phillips' motion to set aside the entry of default tended to show the following: Plaintiff added Phillips as a defendant to the instant lawsuit after Phillips gave a deposition at which she was unrepresented by counsel. Plaintiff served Phillips with a copy of the amended complaint on 28 October 2000. Phillips took the documents to her insurance representative on 30 October 2000, and followed up thereafter with the representative on 22 November 2000. On 6

December 2000, entry of default was entered against Phillips. On 18 December 2000, Phillips' insurance company retained counsel for the case, who immediately contacted counsel for plaintiff and requested that the entry of default be voluntarily set aside. Counsel for plaintiff declined to agree to set aside the entry of default, although other defendants to the suit had not yet filed their answers.

Under the circumstances, we conclude that the trial court did not abuse its discretion in setting aside the entry of default. The evidence showed that the delay in answering plaintiff's complaint was primarily due to negligence by Phillips' insurance company rather than negligence by Phillips. *See Whaley*, 10 N.C. App. at 112, 177 S.E.2d at 737 (affirming the trial court's order setting aside entry of default where it was shown that the defendant justifiably relied upon his insurance company to handle the complaint served against him). Moreover, the delay presented by setting aside the entry of default was relatively short and caused no prejudice to plaintiff. We therefore overrule this assignment of error. We now examine whether the trial court properly granted summary judgment in favor of Phillips.

### B. Summary Judgment

[4] As noted *supra*, in order to prevail on a negligence claim, plaintiff must demonstrate that the defendant owed plaintiff a duty of reasonable care, and that the defendant's breach of that duty proximately resulted in injury to plaintiff. *See Pulley v. Rex Hospital*, 326 N.C. 701, 704-05, 392 S.E.2d 380, 383 (1990). Plaintiff presented no evidence that Phillips owed any particular duty to Justice, or that her actions resulted in the injury to Justice. There was no evidence that Phillips agreed to directly supervise Justice or assumed such duty at any point in time. Although Phillips informed Justice's mother that there would be adults on the premises who would supervise Justice, the evidence also shows that Justice was in fact being supervised by his father at the time of the injury.

[5] Plaintiff has also presented insufficient evidence of any agency relationship between Phillips and Vares and the other men cutting the tree. Although Phillips organized and coordinated the 1996 Farm Day, it is clear from the evidence that Farm Day was a voluntary family event that took place each year for the benefit of the entire extended Bennett family, rather than for the benefit of Phillips herself. As such, there was no evidence that Vares or the other family members acted on Phillips' behalf in performing their work, or that they were obligated to perform the specific tasks assigned to them. We hold there-

fore that the trial court properly granted summary judgment in favor of Phillips, and we overrule this assignment of error.

### Depositions

[6] Plaintiff further assigns error to the trial court's alleged refusal to admit into evidence certain depositions. The transcript of the summary judgment hearing reveals that, after the judge granted defendants' motions for summary judgment, the following colloquy took place:

> [Counsel for Plaintiff]: I want to make sure that all the depositions and interrogatories are in evidence.

> The Court: Which ones are you talking about?

> . . . .

> The Court: I have given her everything that was handed up to me, and that includes the depositions of the parties that were—that were handed up and the notebook that was handed up by [counsel for Bennett] that includes several depositions. But everything I looked at should be made a part of this record.

> [Counsel for Plaintiff]: They're not originals, so I don't guess you have a problem with that.

> The Court: I don't have any problem with that. If y'all want to put the originals in evidence right now, fine. Or between now and Wednesday. Everything I looked at should be made a part of the evidence. Does everybody agree on that?

> [Counsel for Bennett]: I agree.

> [Counsel for Phillips]: I do, Your Honor. I believe that the—the deposition of Sean McPartland was never referenced and you did not look at it. I believe that is the only deposition that you did not have access to.

> The Court: Well, do you want that put in as part of the record?

> [Counsel for Plaintiff]: I would like all of them put in.

> . . . .

> [Counsel for Bennett]: I never—I did not refer to it, so I would not want it put in.

> The Court: Well, just what I looked at.

[Counsel for Bennett]:  I didn't refer to it.

The Court:  Whatever is there is what I looked at and what y'all handed up to me.

[Counsel for Plaintiff]:  I think you looked at Greg—

[Counsel for Phillips]:  Greg, Bert, Terry.

[Counsel for Bennett]:  Greg, Bert, and Terry.

No further statements were made regarding the depositions. Plaintiff now contends that the trial court "erred in refusing to admit into evidence the depositions of John Bennett, Sean McPartland and Bryan Wagner." We disagree.

There is no evidence that counsel for plaintiff ever offered the depositions into evidence by physically conveying them to the judge or otherwise submitting them to the court's review. Trial counsel made no arguments at the hearing based on the depositions at issue or otherwise referred to the depositions until after the trial court ruled on the summary judgment motion. Counsel for plaintiff made no objection to the trial court's alleged "refusal" to consider the depositions. As the depositions were never introduced into evidence, and as the trial court therefore did not rely on the depositions in ruling on the motions, the trial court did not err in excluding this evidence from the record on appeal after ruling on the motions for summary judgment.

We moreover note that, according to plaintiff, the depositions at issue concern two eyewitness accounts of the accident, as well as expert testimony concerning the allegedly dangerous nature of cutting trees with a chain saw. Further, the affidavit submitted by plaintiff's expert witness, Bryan Wagner, regarding his opinion as to the inherently dangerous nature of cutting trees with a chain saw was submitted into evidence and before the court. Given our conclusion that neither Bennett nor Phillips owed a legal duty to Justice, the exclusion of evidence regarding the events of the accident or additional evidence concerning the nature of the activity causing the accident could not have prejudiced plaintiff. We overrule this assignment of error.

In conclusion, we hold that the trial court properly granted summary judgment in favor of defendants. We also hold that the trial court did not abuse its discretion in setting aside the entry of default. The order and judgments of the trial court are hereby

Affirmed.

Judges GREENE and HUNTER concur.