NORMAN HOME FURNISHINGS, INC., formerly named PHILLIPS-MANNING FURNITURE COMPANY, INC., Plaintiff,
v.
WILLIAM P. MAYO, JR., Defendant.
No. COA05-751
North Carolina Court of Appeals
Filed February 7, 2006
This case not for publication
Beaufort County No. 04 CVD 170.
Mills & Economos, L.L.P., by Larry C. Economos, for plaintiff appellant.
Carter, Archie, Hassell & Holbrook, L.L.P., by Sid Hassell, Jr., for defendant appellee.
McCULLOUGH, Judge.
Plaintiff (Norman Home Furnishings) appeals from an order granting summary judgment in favor of defendant (Mr. Mayo) where there was no genuine issue of material fact. We affirm.

FACTS
Norman Manning, plaintiff, filed an action in district court on 25 February 2004 against Mr. Mayo alleging legal malpractice. On 1 June 2004 Mr. Mayo filed a verified answer and motion for summary judgment asserting the statute of limitations as an affirmative defense. On 23 November 2004 plaintiff filed a motion to allow amendment of the complaint and remove the case to superior court. On 24 January 2005 the motion for summary judgment was heard in district court where Mr. Mayo raised as a defense that the named plaintiff, Norman Manning, was not the real party in interest. An oral motion was made to substitute or add the real party in interest, but the court denied the motion and entered summary judgment against Norman Manning individually. On 25 January 2005 Norman Manning made a motion to alter or amend the judgment and a motion to substitute the named party for the real party in interest. An order was thereafter entered by the court stating that pursuant to stipulation by counsel, all motions would be heard in the order in which they were filed and, therefore, it appeared the named plaintiff was not the real party in interest. However, the court ordered that Norman Home Furnishings consent to be substituted and ratify the complaint and once this action was completed that all pending motions would further be heard. The consent to be substituted as the named plaintiff was filed by Norman Home Furnishings on 1 February 2005. The summary judgment motion was again heard on 2 February 2005.
Evidence was presented at the summary judgment hearing tending to show that on 18 February 1991 a judgment was issued in favor of Phillips-Manning Furniture Company, now known as Norman Home Furnishings, for the amount of $1,997.75. On 13 February 2001, Norman Home Furnishings sought the legal assistance of Mr. Mayo to collect on the judgment from 18 February 1991 before it was subject to expire on 18 February 2001. However, there was no action taken on the judgment by Mr. Mayo, and Mr. Mayo failed to inform Norman Home Furnishings that no action had been taken until May 2002. Norman Home Furnishings further alleged that but for Mr. Mayo's inaction, the judgment would not be null and void. Mr. Mayo asserted a three-year statute of limitation and further an inability to prove the required elements of the claim as grounds for summary judgment. The court granted the motion for summary judgment on 2 February 2005 finding that there was no genuine issue as to any material fact and that Mr. Mayo was entitled to judgment as a matter of law.
Norman Home Furnishings now appeals.

ANALYSIS

I
Norman Home Furnishings now contends on appeal that the lower court erred by granting summary judgment in favor of Mr. Mayo on the grounds that the statute of limitations had expired. We disagree.
Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005). There is no genuine issue of material fact where a party demonstrates that the claimant cannot prove the existence of an essential element of his claim or cannot surmount an affirmative defense which would bar the claim. Vares v. Vares, 154 N.C. App. 83, 86, 571 S.E.2d 612, 615 (2002), disc. review denied, 357 N.C. 67, 579 S.E.2d 576 (2003).
The statute of limitations for professional negligence of an attorney is three years. Norman Home Furnishings contends that the statute of limitations did not accrue until after May of 2002, when it was informed by Mr. Mayo that the judgment had not been reinstated. However, the law dictates otherwise.
The argument made by Norman Home Furnishings, that the cause of action did not begin to accrue until May 2002, is contrary to the law of this state. The argument asserted is based on the "continuing course of treatment" doctrine. The "continuing course of treatment" doctrine, routinely applied by this Court to medical malpractice claims, tolls the statute of limitations period "during the time a physician continues to treat a patient in relation to the original act, omission, or failure which gave rise to the claim." State ex rel. Long v. Petree Stockton, L.L.P., 129 N.C. App. 432, 442, 499 S.E.2d 790, 797 (1998). However, that doctrine has never been applied by our courts in the context of a legal malpractice action. Instead, "a cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action." N.C. Gen. Stat. § 1-15(c)(2005). In other words, a legal malpractice action accrues at the time of the original act, omission, or failure giving rise to the cause of action. The only procedure which may be used to enforce a dormant judgment that was never executed is through the institution of an independent action commenced by the issuance of a summons and the filing of a complaint within 10 years from the issuance of the original judgment. Reid v. Bristol, 241 N.C. 699, 701-02, 86 S.E.2d 417, 419 (1955). In the instant case, the original judgment was issued on 18 February 1991 and in order to collect on the judgment, an independent action had to be instituted by 18 February 2001. The failure to take any action on the judgment before the expiration of the statute of limitations on the judgment is the occurrence which triggered the accrual of the cause of action. Where the complaint in the instant case was not filed until 25 February 2004, and the accrual of the cause of action began 18 February 2001, the three-year statute of limitations had run and therefore the claim was barred.
Norman Home Furnishings further argues that, if this Court finds that the statute of limitations had run as to the present action, then the principles of equitable estoppel should apply. We disagree.
In order for the doctrine of equitable estoppel to apply, the claimant asserting the defense must have "(1) a lack of knowledge and the means of knowledge as to the real facts in question; and (2) relied upon the conduct of the party sought to be estopped to his prejudice." Parker v. Thompson-Arthur Paving Co., 100 N.C. App. 367, 370, 396 S.E.2d 626, 628-29 (1990). In the instant case, a summons would have to be issued and a complaint filed. None of these actions were taken. Norman Home Furnishings knew where the original judgment was filed, the case number and the date upon which the judgment was set to expire. It is apparent that Norman Home Furnishings had the means and knowledge to determine whether any action had been taken on the judgment.[1] Therefore, this assignment of error is overruled.

II
Norman Home Furnishings further contends on appeal that the lower court erred in granting summary judgment on the basis of inability to prove all required elements of the claim.
This Court holds that, even if equitable estoppel was applicable in the instant case, plaintiff failed to show one of the required elements of the claim and therefore summary judgment was proper. "Once the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a prima facie case at trial." Gaunt v. Pittaway, 139 N.C. App. 778, 784-85, 534 S.E.2d 660, 664, disc. review denied and appeal dismissed, 353 N.C. 262, 546 S.E.2d 401 (2000), cert. denied, 353 N.C. 371, 547 S.E.2d 810, cert. denied, 534 U.S. 950, 151 L. Ed. 2d 261 (2001). In a legal malpractice case, a plaintiff is required to prove that he would not have suffered the harm alleged absent the negligence of his attorney. Rorrer v. Cooke, 313 N.C. 338, 361, 329 S.E.2d 355, 369 (1985). Norman Home Furnishings contends that, but for the negligence of Mr. Mayo, the judgment would have been reinstated and collectible instead of null and void. In order to prove this causation element the plaintiff must establish that: "(1) [t]he original claim was valid; (2) [i]t would have resulted in a judgment in his favor; and (3) [t]he judgment would have been collectible." Id. Further, a legal malpractice plaintiff is required to prove the viability and likelihood of success even if the action or inaction of the "attorney resulted in a total foreclosure of the underlying case being heard on its merits."Hummer v. Pulley, Watson, King & Lischer, P.A., 157 N.C. App. 60, 66, 577 S.E.2d 918, 923, disc. review denied, 357 N.C. 459, 585 S.E.2d 758 (2003).
In the instant case, Mr. Mayo presented evidence at the summary judgment hearing that Norman Home Furnishings could not establish all the elements of the original claim, specifically that the original judgment was collectible or enforceable. Norman Home Furnishings did not present any evidence to the contrary. At this stage of summary judgment, the plaintiff must go forward and present evidence as to all elements of his claim or else the claim will fail. Therefore this assignment of error is overruled.
Accordingly, summary judgment was properly granted where the three-year statute of limitations had expired creating an affirmative defense and further where plaintiff failed to show each element of the claim at hand. There is no merit in the remaining assignment of error and therefore it is overruled.
Affirmed.
Judges ELMORE and LEVINSON concur.
Report per Rule 30(e).
NOTES
[1] Appellant's brief states that he contacted the Beaufort County Clerk of Court in 2002 and inquired about the judgment, at which time he learned that there was no record of reinstatement.