MAJESTIC CINEMA HOLDINGS, LLC, Plaintiff v. HIGH POINT CINEMA, LLC, d/b/a
Consolidated Theatres, Defendant

No. COA08-17

(Filed 17 June 2008)

**1. Landlord and Tenant— ejectment—conditional obligation
to pay rent—summary judgment for tenant**

There was no genuine issue of fact in a summary ejectment
action, and summary judgment was properly granted for defend-
ant, where the landlord argued that the meaning of a phrase
relieving the tenant of the obligation to pay rent under certain cir-
cumstances was ambiguous. The meaning of the contract was
clear and only one reasonable interpretation exists; moreover,
the lease did not imply that rent was to be accrued and paid later,
when the circumstances changed.

**2. Landlord and Tenant— ejectment—lease agreement—con-
ditional obligation to pay rent—not liquidated damages**

There was no genuine issue of fact in an ejectment action as
to whether a lease agreement provided for liquidated damages or
an unenforceable penalty. While the lease gave the tenant the
right to abstain from making rent payments under certain condi-
tions, there is nothing to indicate that the provision was intended
as a recovery for breach of contract and does not describe a liq-
uidated damage.

Appeal by plaintiff from judgment entered 2 August 2007 by Judge
L. Todd Burke in Guilford County Superior Court. Heard in the Court
of Appeals 22 May 2008.

*Craige Brawley Liipfert & Walker, LLP, by Susan J. Ryan, for
plaintiff-appellant.*

*Kennedy Covington Lobdell & Hickman, by John H. Capitano,
for defendant-appellee.*

BRYANT, Judge.

Plaintiff Majestic Cinema Holdings, LLC, (landlord) appeals from
a Guilford County Superior Court order granting defendant High
Point Cinema, LLC, (tenant) summary judgment, dismissing land-
lord's complaint, and determining that tenant's counterclaim against
landlord was moot.

In December 2003, landlord and tenant entered into a lease agreement wherein tenant agreed to rent a portion of the landlord's shopping center in order to operate a movie theatre. However, section fifty-one of the lease agreement provided "[t]enant shall have no obligation to pay any Rent" until several provisions are met. One such provision states

> (ii) in the event at least fifteen thousand (15,000) square feet of the Adjacent Retail Space is not open for business within 240 days after the Landlord Construction Date, Tenant shall have no obligation to pay any Rent hereunder after the expiration period of said 240 day period until such time as at least 15,000 square feet of the Adjacent Retail Space is open for business.

The "Landlord Construction Date" referenced in this provision is defined as "the date upon which Tenant . . . provide[s] Landlord access to the Adjacent Retail Space sufficient to commence construction activities (as evidenced by written notice from Tenant to Landlord . . .)."

On 16 August 2004, as evidence of the "Landlord Construction Date," tenant provided landlord written notice of access to adjacent retail space to commence construction. Thus, tenant initiated the 240 day window during which landlord must have opened for business 15,000 square feet of adjacent retail space or "[t]enant shall have no obligation to pay any Rent." On 13 April 2005, the 240 day window closed, but landlord had yet to open 15,000 square feet of adjacent retail space for business. Pursuant to the terms of the lease agreement, tenant ceased paying rent.

On 28 January 2006, landlord opened 15,000 square feet of adjacent retail space for business, and tenant resumed making rent payments. But, landlord also demanded the rent tenant withheld since 13 April 2005. Landlord argued the unpaid rent was due because section 51 of the lease agreement was unenforceable. Tenant refused payment. On 31 May 2006, landlord filed a complaint seeking both a declaratory judgment with regard to whether the provision in the lease agreement in which tenant had "no obligation to pay any Rent" was an unenforceable penalty and a damage award for tenant's breach of. contract. Tenant answered the complaint and counterclaimed that tenant was entitled to recover actual and consequential damages for landlord's breach of contract.

**MAJESTIC CINEMA HOLDINGS, LLC v. HIGH POINT CINEMA, LLC**

[191 N.C. App. 163 (2008)]

On 2 July 2007, tenant filed a motion for summary judgment, and on 2 August 2007, the trial court entered an order for summary judgment wherein it found that there existed no genuine issue of material fact and concluded that tenant was entitled to judgment as a matter of law. The trial court granted tenant's motion for summary judgment, dismissed landlord's complaint, and determined that tenant's counterclaim was moot. Landlord appealed.

On appeal, landlord questions whether the trial court's grant of summary judgment was proper. Landlord argues there are genuine issues of material fact as to (I) whether the parties intended for section 51 to provide tenant with rent abatement and (II) whether rent abatement is a valid liquidated damages provision or an unenforceable penalty.

[1] Landlord first questions whether a genuine issue of material fact exists as to the meaning of the phrase "[t]enant shall have no obligation to pay any rent." Landlord argues the phrase is ambiguous and thus is a question for a trier of fact. We disagree.

Summary judgment when sought "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. R. Civ. P. 56(c) (2007). "Summary judgment is improper if any material fact is subject to dispute." *Thompson v. Bradley*, 142 N.C. App. 636, 640, 544 S.E.2d 258, 261 (2001) (citation omitted). And, "[i]n determining the grounds for summary judgment, the trial court must view the evidence in the light most favorable to the non-movant." *Vares v. Vares*, 154 N.C. App. 83, 86, 571 S.E.2d 612, 615 (2002) (citation omitted). "On appeal, an order allowing summary judgment is reviewed de novo." *Howerton v. Arai Helmut, Ltd.*, 358 N.C. 440, 470, 597 S.E.2d 674, 693 (2004) (citation omitted).

"A contract that is plain and unambiguous on its face will be interpreted by the court as a matter of law. When an agreement is ambiguous and the intention of the parties is unclear, however, interpretation of the contract is for the jury." *Schenkel & Shultz, Inc. v. Hermon F. Fox & Assocs., P.C.*, 362 N.C. 269, 273, 658 S.E.2d 918, 921 (2008) (internal citations omitted). "Stated differently, a contract is ambiguous when the writing leaves it uncertain as to what the agreement was . . . ." *Salvaggio v. New Breed Transfer Corp.*, 150 N.C. App. 688, 690, 564 S.E.2d 641, 643 (2002) (citation and internal quotations

omitted). "[I]f the meaning of the [contract] is clear and only one reasonable interpretation exists, the courts must enforce the contract as written; they may not, under the guise of construing an ambiguous term, rewrite the contract or impose liabilities on the parties not bargained for and found therein." *Duke Energy Corp. v. Malcolm,* 178 N.C. App. 62, 65, 630 S.E.2d 693, 695 (2006) (citation omitted).

Here, the lease agreement in Section 51 provides several criteria to be met by landlord with the added provision that if landlord fails to meet the criteria, for some period of time "[t]enant shall have no obligation to pay any Rent." Under section 51, "[t]enant shall have no obligation to pay any [r]ent hereunder after the expiration period of said 240 day period until such time as at least 15,000 square feet of the Adjacent Retail Space is open for business."

Landlord argues the portion of the provision stating "no obligation to pay any Rent hereunder after the expiration period of said 240 day period until such time as at least 15,000 square feet of the Adjacent Retail Space is open for business," can be interpreted to mean an accrual of rent that is to be paid after landlord becomes compliant and opens for business 15,000 square feet of adjacent retail space. However, such an interpretation would require specific language regarding the accrual of rent payments. The current lease agreement contains no such language. Therefore, we cannot say landlord's interpretation of the contract is reasonable.

We hold the meaning of the contract is clear and only one reasonable interpretation exists: Where 15,000 square feet of adjacent retail space was not open for business within 240 days of the Landlord Construction Date, tenant had no obligation to pay rent until the landlord opened the adjacent retail space for business. This does not imply that rent was to be accrued and paid later. Accordingly, we overrule landlord's assignment of error.

II

[2] Next, landlord questions whether there remains a genuine issue of material fact as to whether the lease agreement provides for liquidated damages or an unenforceable penalty. Landlord argues the section which requires the landlord to open 15,000 square feet of adjacent retail space or forego rent from tenant amounts to an unenforceable penalty. We disagree.

Again, we review the trial court's grant of summary judgment based on its interpretation of the lease agreement de novo. *Builders*

MAJESTIC CINEMA HOLDINGS, LLC v. HIGH POINT CINEMA, LLC

[191 N.C. App. 163 (2008)]

*Mut. Ins. Co. v. North Main Constr., Ltd.*, 361 N.C. 85, 88, 637 S.E.2d 528, 530 (2006) (citations omitted).

"It is the simple law of contracts that as a man consents to bind himself, so shall he be bound." *Trotino v. Goodman*, 225 N.C. 406, 414, 35 S.E.2d 277, 283 (1945) (citations omitted). "Since the right of private contract is no small part of the liberty of the citizen, the usual and most important function of courts is to enforce and maintain contracts rather than to enable parties to escape their obligations[.]" *Calhoun v. WHA Med Clinic, PLLC*, 178 N.C. App. 585, 600, 632 S.E.2d 563, 573 (2006) (citation omitted). "[P]ublic policy requires the enforcement of contracts deliberately made which do not clearly contravene some positive law or rule of public morals." *Id.* And, "[i]t is well established that a sum specified in the contract as the measure of recovery in the event of a breach will be enforced if the court determines it to be a provision for liquidated damages, but not enforced if it is determined to be a penalty." *Brenner v. Little Red Schoolhouse, Ltd.*, 302 N.C. 207, 214, 274 S.E.2d 206, 211 (1981) (citation omitted).

> Liquidated damages are a sum which a party to a contract agrees to pay or a deposit which he agrees to forfeit, if he breaks some promise, and which, having been arrived at by a good-faith effort to estimate in advance the actual damage which would probably ensue from the breach, are legally recoverable or retainable . . . if the breach occurs. A penalty is a sum which a party similarly agrees to pay or forfeit . . . but which is fixed, not as a pre-estimate of probable actual damages, but as a punishment, the threat of which is designed to prevent the breach, or as security . . . to insure that the person injured shall collect his actual damages.

*Kinston v. Suddreth*, 266 N.C. 618, 620, 146 S.E.2d 660, 662 (1966) (citation and internal quotations omitted). In determining whether a fixed sum, described by the contract as a measure of recovery in the event of breach, is a liquidated damage or perhaps an unenforceable penalty, this Court will consider "the nature of the [c]ontract, the intention of the parties, [and] the sophistication of the parties . . . ." *E. Carolina Internal Med., P.A. v. Faidas*, 149 N.C. App. 940, 947, 564 S.E.2d 53, 57 (2002) (citation omitted).

Here, under section 51, the lease agreement states that

(ii) in the event at least fifteen thousand (15,000) square feet of the Adjacent Retail Space is not open for business within 240

days after the Landlord Construction Date, Tenant shall have no obligation to pay any Rent hereunder after the expiration period of said 240 day period until such time as at least 15,000 square feet of the Adjacent Retail Space is open for business.

While the provision provides tenant with the right to abstain from making rent payments under certain conditions, there is nothing to indicate the provision was intended as a recovery for breach of contract. Therefore, the provision does not describe a liquidated damage, and we need not consider if it amounts to an unenforceable penalty. Accordingly, landlord's assignment of error is overruled.

Affirmed.

Judges McCULLOUGH and STEPHENS concur.